511 So.2d 313 (1987)
Lucille WILSON, As Personal Representative of the Estate of Scott Wilson, Deceased, Appellant,
v.
BOCA RATON COMMUNITY HOSPITAL, INC., a Florida Corporation, and Terry Cohen, M.D., Appellees.
No. 85-2019.
District Court of Appeal of Florida, Fourth District.
May 6, 1987.
Rehearing Denied September 4, 1987.
Max Rudmann of Martin Zevin, P.A., Boca Raton, for appellant.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellees.
LETTS, Judge.
This appeal stems from a final judgment based on a jury verdict absolving a treating physician from any negligence which was the legal cause of death of a patient who had somehow ingested paraquat. At the charge conference, the patient's estate requested an instruction on concurring cause which the trial court denied. We affirm.
Without question, the patient died of paraquat poisoning. Thus, while there was some reference to a suicide attempt and to the lack of an emetic in the manufactured product, the thrust of the trial centered on whether or not the treating physician's misdiagnosis was the cause of death. According to the defense, the ingestion of paraquat had set in motion an irreversible onset of death before the patient presented himself at the emergency room. The patient's estate argues to the contrary and blames the treating physician's misdiagnosis resulting in failure to administer a timely proper antidote and treatment. In response to that, the treating physician argues that the patient denied ingesting paraquat and reported it had only been sprayed externally upon him.
Florida Civil Jury Standard Instruction 5.1(b) on concurring cause reads as follows:
b. Concurring cause:
In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].
We have read and re-read this instruction innumerable times and must sympathize with the trial judge below who remarked: "I never thought anyone understood this." Addressing its applicability to the case at bar, we are of the belief that it would not have been error to give it. See Goodman v. Becker, 430 So.2d 560 (Fla. 3d DCA *314 1983). The presence of a preexisting condition was relevant here (i.e., already irreversible onset of death) as was the possibility of suicide, see Borges v. Jacobs, 483 So.2d 773 (Fla. 3d DCA 1986), and/or the failure of the product to contain an emetic. Nevertheless, the gravamen of this case, and the verdict form presented to the jury, went solely to the question of the treating physician's errant diagnosis.[1] Clearly, what was before the jury were the questions of whether the treating physician's misdiagnosis was brought about because of the patient's insistence he did not ingest paraquat and whether death was certain to occur in any event by the time the patient showed up in the emergency room. Thus, while the failure to give a concurring cause instruction may have been error, it was not reversible because we see no "reasonable possibility that the jury could have been misled by the failure to give the instruction." Tilley v. Broward Hospital District, 458 So.2d 817, 818 (Fla. 4th DCA 1984), quoting from Ruiz v. Cold Storage and Insulation Contractors, Inc., 306 So.2d 153, 154 (Fla. 2d DCA 1975).
AFFIRMED.
HERSEY, C.J., and GUNTHER, J., concur.
NOTES
[1] We, the jury, return the following verdict:

1. Was there negligence on the part of TERRY COHEN, M.D., in his care and treatment of SCOTT WILSON, which was the legal cause of death of SCOTT WILSON?
 YES ____ NO NO