571 So.2d 422 (1990)
Mark N. GOLDSCHMIDT, M.D., Petitioner,
v.
Jerri Taletha HOLMAN, et al., Respondents.
No. 75172.
Supreme Court of Florida.
November 29, 1990.
*423 Charles Cook Howell, III of Commander, Legler, Werber, Dawes, Sadler & Howell, P.A., Jacksonville, for petitioner.
Eugene Loftin, Jacksonville, for respondents.
BARKETT, Justice.
We have for review Holman ex rel. Holman v. Goldschmidt, 550 So.2d 499 (Fla. 1st DCA 1989), based on asserted conflict with Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla. 1985), and Designers Tile International Corp. v. Capital C Corp., 499 So.2d 4 (Fla. 3d DCA 1986), review denied, 508 So.2d 13 (Fla. 1987).[1] The primary issue presented in this case is whether a complaint charging malpractice against a treating physician for the acts of a "covering" physician must specifically allege the vicarious liability of the treating physician.[2]
On behalf of their daughter Taletha, Jeff and Sandra Holman filed a malpractice action against Dr. Mark Goldschmidt for alleged failure to diagnose and treat Taletha's appendicitis. The alleged incidents of malpractice spanned several days and included events of August 14, 1983, when Dr. Gary Soud was "covering" for Goldschmidt and responded to the Holmans' call in Goldschmidt's absence. The trial court refused to permit the jury to consider whether Goldschmidt was liable for Soud's alleged negligence because the plaintiff's complaint did not specifically allege that Goldschmidt was vicariously liable for Soud's actions. The jury found in favor of Goldschmidt, and respondents appealed. The district court reversed, holding that the complaint did not need to specifically allege that the substitute physician was an agent who committed some of the challenged acts of negligence and that the evidence created a jury question as to whether the substitute physician was an agent of the treating physician. The district court also held that the Holmans were entitled to an instruction on concurring causes, which the trial court refused to give.
The threshold issue presented is whether a principal's vicarious liability for the negligence of another is a separate cause of action that must be specifically pled in the complaint. We find that this issue has already been decided by this Court adversely to respondents in Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla. 1985), in which we held that the defendant could not be found liable under a theory of vicarious liability that was not specifically pled.
Florida Rule of Civil Procedure 1.110(b)(2) requires that "[a] pleading which sets forth a claim for relief ... must state a cause of action and shall contain ... a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." In this case, the Holmans would have been entitled to relief against Goldschmidt for the negligence of Soud only through vicarious liability. Thus, rule 1.110(b)(2) required the Holmans to allege Goldschmidt's vicarious liability in the complaint. See Tamiami, 463 So.2d at 1128; Designers Tile, 499 So.2d at 5 (concluding that a separate cause of action for vicarious liability must be pled). Because the complaint failed to set forth any ultimate facts that establish either actual or apparent agency or any other basis for vicarious liability, the Holmans did not allege any grounds entitling them to relief.
*424 We are not unmindful of the cases cited by the respondents and the district court in Annotation, Necessity of pleading that tort was committed by servant, in action against master, 4 A.L.R.2d 292 (1949), supporting the proposition that agency need not be specifically pled. We find those cases, for the most part, inapplicable to the situation before us. The majority of those cases involve corporate defendants who can commit torts only through their servants or agents, a distinction recognized in the annotation itself. Id. at 296-97 n. 2. Other cases in the annotation involve the liability of an employer for acts of an employee, a relationship not present in this case.[3]
Because no basis for vicarious liability was pled, the jury could consider that claim only if evidence supporting it had been admitted without objection and an appropriate motion to amend the pleadings to conform to the evidence had been made pursuant to Florida Rule of Civil Procedure 1.190(b). See Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561 (Fla. 1988). The Holmans argue that they did move to amend the pleadings and that the trial court erred in denying the motion. At the charge conference, the Holmans requested a jury instruction on actual agency.[4] The trial court denied the request because the agency claim had not been pled. At that point, the Holmans moved to amend the pleadings to support their request for the actual agency instruction. The trial court denied the motion, stating that no evidence had been presented on this claim. We find that the trial court correctly denied the requested instruction and the motion to amend.
In reversing the trial court's decision to refuse the instruction, the district court correctly noted that the Holmans presented some evidence through one expert that Soud was negligent. However, the Holmans failed to take the necessary next step of alleging and proving a sufficient basis for any relationship that would make Goldschmidt responsible for Soud's actions. Although we agree the existence of an agency relationship is normally one for the trier of fact to determine, see Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 494 (Fla. 1983), there was no evidentiary question in this case for the jury to resolve. We agree with the trial court that the evidence reflecting the relationship between Goldschmidt and Soud is insufficient to support either the motion to conform or the instruction on actual agency.[5] Thus the district court erred in reversing the trial court on the issues related to vicarious liability.
The pleading issue does not fully dispose of this case, however, because even if Goldschmidt was not vicariously liable for Soud's actions, the district court found the trial court's failure to instruct the jury on concurring causes was also reversible error.
Concurring causes are two separate and distinct causes that operate contemporaneously to produce a single injury. See Hernandez v. Pensacola Coach Corp., 141 Fla. 441, 193 So. 555 (1940). Florida's standard jury instruction on concurring causes states:
In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates *425 in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].
Fla.Std.Jury Instr. (Civ.) 5.1b. The "Note on Use" following the instruction provides:
Charge 5.1a (legal cause generally) is to be given in all cases. Charge 5.1b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage.
The district court determined that a concurring causes instruction was necessary to advise the jurors that they could still find Goldschmidt liable even if Soud's actions or the appendicitis were a concurring cause of Taletha's injury.[6]
Decisions regarding jury instructions are within the sound discretion of the trial court and should not be disturbed on appeal absent prejudicial error. Prejudicial error requiring a reversal of judgment or a new trial occurs only where "the error complained of has resulted in a miscarriage of justice." § 59.041, Fla. Stat. (1989). A "miscarriage of justice" arises where instructions are "reasonably calculated to confuse or mislead" the jury. Florida Power & Light Co. v. McCollum, 140 So.2d 569, 569 (Fla. 1962).
Under the circumstances presented in this case, we find there was no "reasonable possibility that the jury could have been misled by the failure to give the instruction." Ruiz v. Cold Storage & Insulation Contractors, Inc., 306 So.2d 153, 155 (Fla. 2d DCA), cert. denied, 316 So.2d 286 (1975); see Wilson v. Boca Raton Community Hosp., Inc., 511 So.2d 313, 314 (Fla. 4th DCA), review denied, 519 So.2d 988 (Fla. 1987).
The thrust of the entire trial centered solely upon whether Goldschmidt was negligent in misdiagnosing Taletha's appendicitis. At all times Goldschmidt defended on the ground that he was not negligent. No one argued or presented evidence that any other operative cause was present. Neither Goldschmidt nor the Holmans ever asserted that the preexisting appendicitis caused any part of Taletha's injury. To the contrary, the Holmans' own expert testified that had Goldschmidt not been negligent, Taletha would have been "operated on and [sent] home in a couple of days completely well."
Likewise, there was no evidence or argument to the jury that Soud's alleged negligence was a cause of the injury separate and apart from Goldschmidt's negligence. While the Holmans' expert testified that Soud was negligent, no one testified what effect, if any, Soud's alleged negligence had on Taletha's injury or how it operated in relation to Goldschmidt's alleged negligence.[7] Because the evidence was insufficient to support a concurring causes instruction on either the preexisting appendicitis or Soud's alleged negligence, the district court erred in reversing the trial court's denial of the instruction.
Accordingly, we quash the decision of the First District Court of Appeal and direct the court to reinstate the jury verdict in favor of Goldschmidt. We adhere to the rule of Tamiami Trail Tours, Inc. and approve Designers Tile to the extent it is consistent with this opinion.
It is so ordered.
*426 SHAW, C.J., and OVERTON, McDONALD, EHRLICH, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We have discretionary jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[2] This case was presented solely on the pleading issue. Accordingly, we do not address the question of when or if a covering physician can be the agent of the treating physician.
[3] No one has argued, or even suggested, that Soud was an employee of Goldschmidt.
[4] Since respondents neither argued nor requested an instruction on apparent agency, we decline to consider its applicability to this case.
[5] Essential to the existence of an actual agency relationship is (1) acknowledgment by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent. Restatement (Second) of Agency § 1 (1957). The record is devoid of any evidence to support a finding of the third element.

Although Goldschmidt may have known that the Holmans wanted to hold him liable for Soud's actions, see Holman ex rel. Holman v. Goldschmidt, 550 So.2d 499, 504 n. 4 (Fla. 1st DCA 1989), this cannot excuse the Holmans' failure to appropriately plead or present the necessary evidence to support actual agency.
[6] There is some mention in the Holmans' brief that the concurring causes instruction was also applicable to the Holmans' negligence in communicating with Goldschmidt's nurse and in their follow-up care. However, the record shows that the Holmans' negligence was not an issue in this case.
[7] We do not suggest that Soud's actions could not be a concurring cause, but simply hold that, in this case, the evidence presented was insufficient to support the instruction.