COBB, J.
James Kamerzel, IV (Jimmy), who was three years old at the time, fell off the steps of a slide on the playground of the defendant day-care facility, La Petite, and broke his arm. Jimmy’s parents filed suit against La Petite alleging negligent supervision. During trial La Petite argued to the jury that it was not negligent and that “children will be children.” After a defense verdict, the trial judge was persuaded by counsel for the plaintiffs that he had erred in refusing to instruct the jury in regard to concurring cause and granted a new trial. La Petite challenges that ruling on appeal.
Florida Standard Jury Instruction 5.1(b) reads:
(b) Concurring cause:
In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to produce such [loss] [injury] [or] [damage].
La Petite contends that no evidence was presented suggesting that the act of another or some natural cause actively operated in combination with La Petite’s alleged negligence to produce Jimmy’s injury within the meaning of Instruction 5.1(b). The Kamerzels, on the other hand, point to the argument of La Petite in regard to the nature of small children and their propensity for self-injury as an operative concurrent cause of Jimmy’s injury requiring the giving of the above instruction.
The question, then, is whether the “nature of children,” a somewhat subjective concept, can be regarded as a proximate cause of the instant injury, a cause which operated in combination with the putative negligence of La Petite so as to produce the injury. See Goldschmidt v. Holman, 571 So.2d 422, 424 (Fla.1990). If not, then the instruction was properly denied in the first place and the grant of a new trial was error.
First, we note that Florida law is well settled that the contributory negligence of a plaintiff does not warrant the giving of a concurring cause instruction where no other extraneous cause is established. Parker v. Hoppock, 695 So.2d 424, 430 (Fla.4th DCA 1997), rev. denied, 707 So.2d 1126 (Fla.1998); Wedden v. Wentz, 571 So.2d 24 (Fla. 2nd DCA 1990), rev. denied, 576 So.2d 294 (Fla.1991). This rationale is not altered by the fact that the actions of the minor plaintiff in this case cannot be considered negligence, as a matter of law, because of his age. We also note that neither the plaintiff nor the defendant below alleged any extraneous cause of the accident other than negligent child care by La Petite. See Wedden.
As we see it, the “concurring cause” envisioned by 5.1(b) is an active force (whether initiated by a person or natural phenomenon) or an extant physical condition that operates in concert with the alleged negligence of the named tortfeasor but is separate and independent of that negligence. The mere conceptual fact that the nature of small children is such that *643 they often fall and hurt themselves is a consideration in evaluating the duty of care owed by the defendant to the minor child; it is not a separate, distinct cause of the injury to that child. To say that the key factor in assessing the duty of the alleged tortfeasor to the injured party is separate and independent from any subsequent breach of that duty, and therefore a concurrent cause of the victim’s injury, means that the “concurrent cause” instruction must be given in every case. We do not believe that eventuality was envisioned by the Florida Standard Jury Instruction Committee.
An illustration of concurrent causation is provided by the case of Zigman v. Cline, 664 So.2d 968 (Fla. 4th DCA), rev. denied, 661 So.2d 823 (Fla.1995). In that case Zigman was involved in an automobile accident which caused damage to his heart and cardiovascular system. Dr. Cline sought to repair the damage, but after surgery Zigman was a paraplegic. Zig-man sued Cline for malpractice. Cline defended on the basis that the paraplegia was inevitable due to the extent of Zig-man’s injuries from the automobile accident. There was evidence at trial suggesting that both the physical results of the accident and the surgery contributed to Zigman’s condition. Under those circumstances, Zigman was entitled at trial to a concurring cause instruction.
In this case, based upon the issues that were pled and tried, there was an injury to a minor plaintiff that either was caused or was not caused by the negligence (ie., breach of duty) of the defendant. But there was no separate and distinct cause involved in that injury. Accordingly, we find that the trial judge erred in granting a new trial to the plaintiff. We reverse and remand for entry of judgment for the defendant.
REVERSED AND REMANDED.
W. SHARP, J., concurs.
GRIFFIN, J., dissents with opinion.