915 So.2d 689 (2005)
BERMAN BROTHERS, INC., Appellant,
v.
Osborne J. HART, Appellee.
No. 1D04-3993.
District Court of Appeal of Florida, First District.
November 7, 2005.
Rehearing Denied December 14, 2005.
Kenneth W. Sukhia of Fowler White Boggs Banker, P.A., Tallahassee, for Appellant.
Donald W. St. Denis of Anderson, St. Denis & Davey, P.A., Jacksonville, for Appellee.
*690 PER CURIAM.
Berman Brothers, Inc. raises two points on appeal from a final judgment entered following a jury verdict in favor of appellee, Osborne J. Hart. Regarding the first point, we find that appellant preserved an objection to the jury instruction given. We conclude, however, that appellant's contention on appeal lacks merit. See, e.g., Goldschmidt v. Holman, 571 So.2d 422, 425 (Fla.1990) ("Decisions regarding jury instructions are within the sound discretion of the trial court and should not be disturbed on appeal absent prejudicial error. Prejudicial error requiring a reversal of judgment or a new trial occurs only where `the error complained of has resulted in a miscarriage of justice.' A `miscarriage of justice' arises where instructions are `reasonably calculated to confuse or mislead' the jury." (citations omitted)); Barbour v. Brinker Fla., Inc., 801 So.2d 953, 959 (Fla. 5th DCA 2001) ("[I]f the jury instructions as a whole fairly state the applicable law, failure to give a particular instruction does not constitute error.").
In the second point, appellant argues that the quantum of evidence was not sufficient to defeat workers' compensation immunity. Under the law as set forth by the Florida Supreme Court, the evidence was sufficient. See Turner v. PCR, Inc., 754 So.2d 683, 691 (Fla.2000); see also, e.g., EAC USA, Inc. v. Kawa, 805 So.2d 1, 3 (Fla. 2d DCA 2001) (reversing order denying EAC's motion to amend cross-claim seeking contribution against Roberts Quality Printing, and finding, among other things, "[i]n its proposed contribution claim, EAC included the allegations necessary to overcome Roberts's claim of workers' compensation immunity" where "EAC alleged intentional conduct by Roberts that was substantially certain to result in injury to Kawa" by its allegations "that Roberts intentionally, and without regard for the safety of Kawa and others, removed from the printing press a safety guard designed to prevent accidents like Kawa's; that Roberts knew the absence of the safety guard from the printing press created a dangerous condition, but intentionally chose to disregard that danger; that the owners, supervisors, and other employees and agents of Roberts intentionally instructed Kawa to engage in dangerous work practices ...; that the owners, supervisors, employees, and agents of Roberts disregarded at least two notices advising Roberts of available safety guards and other safety devices that would have prevented access to the area of the printing press where Kawa was injured"); Myrick v. Luhrs Corp., 689 So.2d 416, 419 (Fla. 5th DCA 1997) (reversing dismissal of complaint for failure to state a cause of action where employee alleged, among other things, that employer "deliberately removed or disabled five essential safety devices designed to allow an operator to run the saw without exposing himself to certain danger").
AFFIRMED.
KAHN, C.J., WOLF, and PADOVANO, JJ., Concur.