SUAREZ, J.
 

 Plaintiff, James Griffin (“Griffin”), appeals from the trial court’s denial of a motion for new trial after a jury verdict in the defendant’s, Ellis Aluminum & Screen, Inc. (“Ellis”), favor. Griffin brought a multi-count complaint against Ellis alleging that Ellis negligently installed a handrail at Griffin’s home and that the negligent installation caused him to fall, resulting in extensive personal injuries. We affirm.
 

 In March or April 2004, Ellis installed a handrail along the stairway at the Griffin home in the Florida Keys. Between installation and the date of the incident, there were no complaints about the railing. About ten months after installation, on January 30, 2005, Griffin and his wife kayaked in Florida Bay to a hotel in Key Largo where they ate lunch. During lunch, Griffin consumed three to four alcoholic drinks.
 

 The Griffins then invited the bartender, Julia, and her husband to their home. The four arrived at the Griffins’ home around 4:00 p.m. and sat in the hot tub into the evening drinking margaritas. Sometime between 7:30 p.m. and 9:00 p.m., Ms. Griffin went to bed and Julia and her husband went home. Griffin testified at trial that he grabbed the four tumblers from which they had been drinking, left the hot tub and proceeded up the stairs. He testified that on the last step he grabbed the handrail, which detached from the snap plate allowing him to fall and suffer extensive injuries. In March 2005, Ms. Griffin called
 
 *717
 
 Ellis to have them repair loose pickets on the opposite railing, but did not complain about a loose handrail attachment on the other side. In July 2005, Griffin brought the current suit against Ellis. The case proceeded to trial on two counts: negligence and negligence per se pursuant to Florida Statute section 553.84. The jury returned a verdict in favor of Ellis and Griffin brought this extensive appeal alleging numerous grounds for a new trial.
 

 Griffin first claims that the trial court erred in allowing Ellis to present evidence at trial of a subsequent fall by Griffin at another location. Griffin objected at trial and argues on appeal that the sole purpose for Ellis bringing out evidence of Griffin’s fall in a parking lot one year after the incident in suit was to show the jury that Griffin had a propensity to fall after consuming alcohol. This, Griffin argues, leads to the inference that the only reason he fell at home was also because of his drinking.
 
 [1]
 
 Ellis, on the other hand, argues that the court correctly allowed the evidence because it was presented to show that Griffin was able to return to his pre-accident activities, that there may be another cause for some of the injuries he claimed to have sustained in this accident, and that it went to mitigation of damages. Doctors had told Griffin to refrain from engaging in certain activities and to change his lifestyle, which he failed to do. Ellis also argued that the defendant’s toxicologist would say that this was an example of the effect of alcohol on Griffin, which Griffin refused to acknowledge. The second fall was relevant to confirm the toxicologist’s testimony.
 

 Our standard of review of a trial court’s decision to admit evidence is abuse of discretion.
 
 Hudson v. State,
 
 992 So.2d 96, 107 (Fla.2008), cert. denied, — U.S. — , 129 S.Ct. 1360, 173 L.Ed.2d 621 (2009);
 
 Sims v. Brown,
 
 574 So.2d 131, 133 (Fla.1991) (“Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, appellate courts will not overturn that decision absent clear abuse of discretion.”);
 
 H & H Elec., Inc. v. Lopez,
 
 967 So.2d 345 (Fla. 3d DCA 2007).
 
 [2]
 
 Evidence of prior as well as subsequent accidents is generally inadmissible to prove the defendant’s negligence with regard to the accident at issue. If the evidence of a substantially similar accident is offered, however, for a material purpose other than to prove negligence, it may be admissible if there is a logical tendency to establish its relevance to the case at hand. In the instant case, although the two accidents are similar
 
 [3]
 
 , having occurred after lengthy periods of alcohol consumption, we agree with the trial court that the evidence was not admitted to show propensity or character. The evidence was probative of Griffin’s pre- and post-accident condition
 
 *718
 
 and lifestyle as it related to Griffin’s claims against Ellis for pain and suffering, mental anguish and non-economic damages, as well as to mitigation of damages. We conclude, based solely on these facts, that the trial court did not abuse its discretion to admit the evidence of the subsequent fall.
 
 [4]
 

 Appellant next argues on appeal that the trial court erred in allowing the defendant to disclose the fact that Cameron Ashley had been a defendant in the lawsuit. We do not agree and affirm.
 

 Cameron Ashley was the manufacturer of the aluminum used by Ellis in the railing at the Griffin home. Cameron Ashley had been a defendant in the lawsuit and had settled with Griffin. The mention of Cameron Ashley occurred during Ellis’ cross examination of Griffin. At trial Griffin admitted that he had had six to seven drinks on the afternoon of the accident. In an attempt to impeach Griffin, Ellis’s counsel brought forward two sets of interrogatories; one propounded by Cameron Ashley and one propounded by the defendant. In both answers to interrogatories, Griffin stated that he had had only 1.5 ounces of alcohol to drink on the date of the accident. While attempting to impeach with Griffin’s answers to the interrogatories, Ellis’s counsel asked Griffin if he was not asked the same questions by Cameron Ashley. At that point an objection was raised and, at sidebar, counsel withdrew the question. Ellis’s counsel then read from the “second set of interrogatories” and proceeded to question Mr. Griffin. Griffin argues that through this the jury was informed that Cameron Ashley had been a party and had settled. We do not agree.
 

 Section 768.041(3), Florida Statutes (2007), prohibits anyone from presenting to the jury the fact that there has been a release or a covenant not to sue or a dismissal of a party to the action. Based on the record, this fleeting mention of Cameron Ashley by Ellis did not inform or even suggest to the jury that Cameron Ashley had been a party to the action, or had settled out of the lawsuit.
 

 Appellant next argues on appeal that the trial court committed reversible error when it permitted Ellis to comment on Griffin’s failure to call Ms. Griffin at trial. We find any error to be harmless. During opening, counsel for Ellis made the statement that Theresa Griffin, the Plaintiffs wife, was not going to be called by the Plaintiff. She was at the party the night of Griffin’s fall and lived there, but she was not going to be called. The trial court overruled the Plaintiffs objection and request for mistrial.
 

 It is improper for one party to comment upon another party’s failure to call a witness when the witness is equally available to both parties.
 
 Terry v. State,
 
 668 So.2d 954, 963 (Fla.1996). Aside from the fact that there was no proffer that the witness was equally available to both parties, we would still hold the comment to be harmless. Later during trial, Plaintiffs counsel commented on Ellis’ failure to call the installer of the handrail at the Griffin home. We find it difficult to believe that the Plaintiff would so strenuously object to something that the Plaintiffs counsel also did at trial. Based on the entire record we find that both of these comments were harmless.
 

 Appellant next claims that the trial court committed reversible error by allow
 
 *719
 
 ing Ellis’ counsel to allegedly comment, in its opening statement, that Ellis had never been sued. Generally, it is not proper to allow testimony of no prior accidents.
 
 See Sims v. Brown,
 
 574 So.2d 131 (Fla.1991). Defendant’s counsel stated in its opening statement that Ellis had installed the railing ten months prior to the incident and that for those ten months there had never been any complaints from the Griffins. A few moments later, counsel stated that “and he’s suing the respected businessman Bill Ellis and his wife Joyce whose railing never had a failure of this nature except for this claim.” Although this comment is susceptible of the interpretation that Ellis has never been sued for a railing failure, it is also reasonable to interpret the statement to mean, in context, that there were no complaints from the Griffins for the ten months between installation of the railing and Griffin’s fall. We find the comment, if error, harmless.
 

 The Appellant next argues on appeal that the trial court erred in granting a directed verdict against him on his claim that Ellis violated section 553.84, Florida Statutes (2007), and by refusing Griffin’s requested jury instruction. We do not find error and affirm. Section 553.84 provides that “any person or party ... damaged as a result of a violation of this part or the Florida Building Code, has a cause of action ... against the person or party who committed the violation.” Upon review of the record, it would appear that Plaintiffs liability expert, Dr. Masory, never testified that a building code violation occurred. There was testimony concerning the building code, but the question was never posed to Dr. Masory and he never testified that, in fact, there was a building code violation. Therefore, we deny the appellant’s claim and affirm the trial court.
 

 Griffin claims that the entire trial was rendered fundamentally unfair as a result of the trial judge’s momentary acts of falling asleep, once during voir dire, and once during Ellis’s opening statements. The record shows that during voir dire no objections were made and, furthermore, there is no showing of prejudice. The second incident occurred briefly during opening statement; the court correctly read back the record and again, no prejudice has been demonstrated.
 
 See Lopez v. McDonough,
 
 2006 WL 2802002 (M.D.Fla. Sep. 28, 2006) (“[Ejven if the allegation regarding the trial judge sleeping were true, [Petitioner] testified that it occurred during the closing argument portion of the case and not during the presentation of evidence.... Consequently, there is no indication that [Petitioner] suffered any prejudice as a result of this allegation.”);
 
 United States v. White,
 
 589 F.2d 1283, 1289 (5th Cir.1979) (finding that judge falling asleep during defense counsel’s opening statement did not cause prejudice or warrant reversal). We find no error when the incidents in question were so brief and were corrected early in the proceedings. We affirm all remaining issues.
 

 Affirmed.
 

 [1]
 

 . Ellis's defense was that Griffin was intoxicated and fell down the stairs, not that the railing failed as Griffin asserted.
 

 [2]
 

 . See also Section 90.403, Florida Statutes (2008), which provides that “relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” In addition, relevant evidence may be "admissible as to one party or for one purpose, but inadmissible as to another party or for another purpose.” § 90.107, Fla. Stat. (2008). When such evidence is admitted, "the court,
 
 upon request,
 
 shall restrict [that] evidence to its proper scope and so inform the jury at the time it is admitted.” § 90.107 (emphasis added). Thus, if the contested evidence was relevant to any of the claims against Ellis, it could properly be admitted under sections 90.403 and 90.107.
 

 [3]
 

 .Generally, evidence of prior or subsequent accidents which are not substantially similar would be excluded.
 
 See Wal-Mart Stores, Inc. v. McDonald,
 
 676 So.2d 12, 14 (Fla. 1st DCA 1996).
 

 [4]
 

 . The evidence was also admissible as a challenge to Griffin's credibility. In both instances, Griffin's pre-trial testimony contradicted his trial testimony especially as to his consumption of alcohol. Griffin's credibility was an issue for the jury to determine.