**KING COLE CONDOMINIUM ASSOCIATION, INC.,**
Plaintiff,

v.

**MID–CONTINENT CASUALTY COMPANY, Diegon, LLC, and Bonnie Satarsky, Defendants.**

**Case No. 13–CV–23868–PCH.**

United States District Court, S.D. Florida.

Signed April 7, 2014.

Filed April 8, 2014.

David L. Rosinsky, Heather Cohen Szkaradek, Mitchel Chusid, Ritter Chusid Bivona & Cohen, Coral Springs, FL, for Plaintiff.

Ronald Lee Kammer, Edward T. Sylvester, Hinshaw & Culbertson LLP, Coral Gables, FL, John Heyward Hickey, Hickey Law Firm PA, Miami, FL, for Defendants.

## ORDER GRANTING MID–CONTINENT CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DENYING KING COLE CONDOMINIUM ASSOCIATION, INC.'S MOTION FOR SUMMARY JUDGMENT

PAUL C. HUCK, District Judge.

THIS CAUSE is before the Court on Plaintiff King Cole Condominium Association, Inc.'s ("King Cole") Motion for Summary Judgment [D.E. No. 21], filed February 14, 2014, and Defendant Mid–Continent Casualty Company's ("Mid–Continent") Motion for Summary Judgment [D.E. No. 25], filed February 26, 2014. Having reviewed the Motions, the insurance policy, and other pertinent portions of the record, and having held oral argument on the Motions on April 1, 2014, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. The Court adopts the findings of fact and conclusions of law announced during oral argument on the Motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bonnie Satarsky, a unit owner of King Cole condominium, allegedly injured herself in a common area of the condominium that was under construction. Satarsky brought suit in Florida state court against King Cole and Diegon, LLC, a general contractor who contracted with King Cole to do the construction work at the condominium. See Satarsky v. King Cole Condo. Assoc., Inc., No. 11–40244–CA–30 (the "underlying action"). In the underlying action, Satarsky alleged that King Cole was liable for 1) negligence, 2) negligent

selection and retention of contractor, and 3) violation of FLA. STAT. § 718.303. Satarsky also alleged that Diegon was liable for 1) negligence and 2) breach of third party beneficiary contract.

Prior to Satarsky's accident, Mid–Continent issued a general liability policy to Diegon (the "Policy"). When Mid–Continent provided Diegon with a defense to the underlying action but declined to provide King Cole with a defense, King Cole brought suit in Florida state court against Mid–Continent, Diegon, and Satarsky seeking declaratory relief and damages for breach of contract. In its suit, King Cole alleges it is an additional insured under the Policy, and, consequently, Mid–Continent has a duty to defend and indemnify King Cole in the underlying action. Mid–Continent removed the action to this Court.

## II. DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of fact is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Tyson Foods,* 121 F.3d 642, 646 (11th Cir.1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen,* 121 F.3d at 646. On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party, and determine whether that evi-

dence could reasonably sustain a jury verdict. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Allen,* 121 F.3d at 646. In this case, the parties agree that there is no genuine issue of material fact and that the dispositive issue is a legal one for the Court to decide.

■ That dispositive legal issue is whether King Cole qualifies as an additional insured under the Policy, thereby requiring Mid–Continent to defend and indemnify King Cole in the underlying action. King Cole argues that it qualifies as an additional insured and is entitled to coverage from Mid–Continent because any liability assessed against King Cole is directly attributable to the defective condition created by Diegon. Mid–Continent argues that King Cole qualifies as an additional insured but only with respect to liability "directly attributable" to Diegon's performance of operations for King Cole. In other words, Mid–Continent has no duty to defend or indemnify King Cole because the underlying action was brought against King Cole solely for its own negligence—Satarsky does not attempt to hold King Cole liable for Diegon's conduct under a theory of vicarious liability.

The Policy provides the following in the applicable additional insured endorsement:

Name of Person or Organization

Any person or organization for whom the named insured has agreed by written "insured contract" to designate as an additional insured subject to all provisions and limitations of this policy ...

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, **but only with respect to liability directly attributable to your performance** of ongoing operations for that insured.

Mid Continent's Motion, at 5 (emphasis added). The Policy then defines "insured contract" as:

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, **provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf.** Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Mid Continent's Motion, at 5 (emphasis added). Therefore, to qualify as an additional insured, King Cole must establish both that 1) King Cole's contracts with Diegon are "insured contract[s]" and 2) King Cole only seeks coverage with respect to liability "directly attributable to [Diegon's] performance" of those contracts, that is, under a theory of vicarious liability. If King Cole fails to establish either condition, it fails to qualify as an additional insured.

This is not the first time this Court has been called upon to interpret the identical insurance policy in materially identical cases. In both *United Rentals, Inc. v. Mid–Continent Cas. Co.,* 843 F.Supp.2d 1309 (S.D.Fla.2012) and *Mid–Continent Cas. Co. v. Constr. Servs. & Consultants, Inc.,* No. 06–CV–80922, 2008 WL 896221 (S.D.Fla., Mar. 31, 2008), the district court ruled that the policy only provided indemnity coverage for an additional insured to the extent that it was sued for vicarious liability resulting from the named insured's negligence. The Court agrees with the reasoning and holdings in *United*

*Rentals* and *Constr. Servs. & Consultants* and, therefore, rejects King Cole's contention that the Policy provides coverage for King Cole's own negligence.

■ Next, King Cole contends that even if coverage is limited to its vicarious liability, the Policy provides coverage because Satarsky has alleged King Cole's vicarious liability based on Diegon's negligence. To assess whether Satarsky has alleged a vicarious liability claim against King Cole, the Court looks to the underlying complaint. Having done so, the Court finds that Satarsky has not sued King Cole for vicarious liability.

■ First, Florida law requires a claimant to specifically plead vicarious liability as a separate cause of action. *Goldschmidt v. Holman,* 571 So.2d 422, 423 (Fla.1990); *Gen. Asphalt Co., Inc. v. Bob's Barricades, Inc.,* 22 So.3d 697, 699 (Fla. 3d DCA 2009). Because Satarsky's complaint contains no separate cause of action for vicarious liability, the Court rejects King Cole's contention. Furthermore, even if Florida procedural law did not apply or if the separate cause of action requirement was not the law in Florida, there is nothing in the complaint to suggest that Satarsky sued King Cole for vicarious liability. To the contrary, the allegations against King Cole all relate to its own alleged negligence. Therefore, under the facts here, Mid–Continent has no duty to defend or indemnify King Cole with respect to the Satarsky lawsuit.

### III. CONCLUSION

For the reasons expressed above, King Cole's Motion for Summary Judgment is **DENIED** and Mid–Continent's Motion for Summary Judgment is **GRANTED**.