DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NORTH LAUDERDALE SUPERMARKET, INC.** d/b/a
**SEDANO'S SUPERMARKET #35,**
Appellant/Cross-Appellee,

v.

**LUZ PUENTES** and **JAIRO GARCIA,**
Appellees/Cross-Appellants.

No. 4D20-1346

[December 22, 2021]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County, William W. Haury, Jr., Judge; L.T. Case No. CACE17015946.

Edward G. Guedes of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, for appellant/cross-appellee.

Jordan M. Kirby of Rubenstein Law, P.A., Plantation, and Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for appellees/cross-appellants.

FORST, J.

In this slip-and-fall case, appellant North Lauderdale Supermarket, Inc. d/b/a Sedano's Supermarket #35 ("Defendant") appeals the trial court's amended final judgment, raising two issues on appeal. Appellees Luz Puentes and Jairo Garcia (collectively "Plaintiffs") raise one issue on cross-appeal. We agree with Defendant that the trial court erred in providing Florida Standard Jury Instruction (Civil) 401.20(a) without any modification or revision reflecting current "slip and fall" liability law. We therefore reverse and remand for a new trial. We affirm as to the remaining issues without discussion.

**Background**

On June 19, 2015, Puentes slipped and fell on a purportedly oily substance on the floor of Defendant's business establishment. Both

Puentes and her husband Garcia filed suit against Defendant, raising negligence and loss of consortium claims, respectively.

The trial lasted four days. During the first two days, there were several instances when Defendant informed the trial court that the parties disagreed regarding one of the proposed jury instructions. Defendant, though, did not state its objection, nor did it discuss the issue any further.

However, during the charge conference on the third day of trial, Defendant objected to the non-modified use of standard jury instruction 401.20(a) ("Issues on Plaintiff's Claim — Premises Liability"). That instruction stated as follows:

> The issues on Plaintiff's claim, for you to decide are:
>
> Whether Defendant, Sedano's Supermarket #35, *negligently failed to maintain the premises in a reasonably safe condition,* or negligently failed to correct a dangerous condition about which the Defendant either knew or should have known, by the use of reasonable care, or negligently failed to warn Plaintiff of the dangerous condition about which the Defendant had, or should have had, knowledge greater than that of Plaintiff; and, if so, whether such negligence was a legal cause of loss, injury, or damage to Plaintiff.

Defendant argued that because the negligent maintenance language was written in the disjunctive, the jury would be able to find Defendant liable on the theory of negligent maintenance without being required to make a finding Defendant had actual or constructive notice of the oily substance on the floor. Defendant contended that, to be consistent with section 768.0755, Florida Statutes (2014) (discussed below), the negligent maintenance language needed to be removed or revised before the instruction could be given to the jury. Defendant proposed that, to be consistent with the statute, the instruction be modified to focus, in pertinent part, on "[w]hether the defendant negligently failed to correct a dangerous condition about [which] the defendant knew or should have known by the use of reasonable care[,] or failed to warn the . . . claimant of a dangerous condition about which (defendant) ha[d] or should have had greater knowledge tha[n] that of the plaintiff . . . ."

Plaintiffs did not agree with the proposed modification and the trial court overruled Defendant's objection to the use of the standard jury instruction. In the absence of relevant case law, the court was "not

2

inclined to deviate from a standard instruction." The trial court offered to include a special interrogatory with the verdict form, but Defendant declined this offer.

Ultimately, the trial court read jury instruction 401.20(a) as written, adding "[this] is the law you must follow in deciding this case" as part of its concluding instruction. The jury returned a verdict awarding the injured Plaintiff $502,000 and her spouse $10,000, finding Defendant negligent and liable. Defendant filed motions to set aside the verdict and enter judgment in its favor or, alternatively, to grant a new trial. The latter motion was based on the argument that the trial court—over defense objection—had given an outdated jury instruction.[1] The trial court denied both motions and the instant appeal followed.

## Analysis

"A trial court's decision to give or refuse to give a proposed jury instruction is reviewed for an abuse of discretion." *Philip Morris USA, Inc. v. McCall*, 234 So. 3d 4, 14 (Fla. 4th DCA 2017). "A trial court abuses its discretion when it gives an instruction that is 'reasonably calculated to confuse or mislead' the jury." *Id.* (quoting *Goldschmidt v. Holman*, 571 So. 2d 422, 425 (Fla. 1990)). Moreover, "a trial court abuses its discretion when it fails to give a proposed instruction that is (1) an accurate statement of the law, (2) supported by the facts of the case, and (3) necessary for the jury to properly resolve the issues." *Id.* (quoting *R.J. Reynolds Tobacco Co. v. Jewett*, 106 So. 3d 465, 467 (Fla. 1st DCA 2013)).

A. *The challenge to the jury instruction was not waived and was preserved for appellate review*

Plaintiffs argue that Defendant waived its argument on appeal because: (1) Defendant entered into a joint pretrial stipulation, stipulating to negligent maintenance being a triable issue, and (2) Defendant, through

---

[1] The Florida Supreme Court "authoriz[ed] the publication and use of the standard civil jury instructions," including instruction 401.20 Issues on Plaintiff's Claim — Premises Liability, on March 4, 2010. *In re Standard Jury Instructions In Civil Cases-Report No. 09-01 (Reorganization of the Civil Jury Instructions)*, 35 So. 3d 666, 697 (Fla. 2010). Almost immediately thereafter, the Legislature enacted section 768.0755, Florida Statutes, with an effective date of July 1, 2010, the same effective date of the repeal of section 768.0710, Florida Statutes. *See* Ch. 2010-8, §§ 1–2, Laws of Fla.

its conduct leading up to the charge conference, impliedly consented to negligent maintenance being a triable issue. We find both of Plaintiffs' waiver arguments to be without merit.

First, the parties' joint pretrial stipulation appears to stipulate only as to jurisdiction and venue being proper, and the authenticity of the medical records and bills. Although the stipulation stated that Plaintiffs were claiming Defendant was negligent in maintaining its store, it cannot be said that this statement was equivalent to Defendant stipulating that section 768.0710, Florida Statutes, was the controlling statute and—as a result—the jury was no longer required to make a finding regarding notice.

Second, Plaintiffs fail to demonstrate how the doctrine of implied consent has any applicability in the instant case. The doctrine of implied consent applies in instances where an issue has not been pled, but based on the parties' conduct during trial, it is implied that the parties have consented to the issue being tried as if it had been pled. Fla. R. Civ. P. 1.190(b) ("When issues not raised in the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings"). In contrast, here, the record demonstrates that Plaintiffs pled the issue of negligent maintenance in their complaint, and Defendant does not argue otherwise.

Before trial, both parties submitted proposed jury instructions that included standard jury instruction 401.20(a). However, once the parties proceeded to the charge conference, Defendant objected to instruction 401.20(a), arguing that it needed revision or modification before it could be given to the jury. Because this was the proper time for Defendant to raise such an objection, Defendant preserved this issue for appellate review.

### B. The trial court erred in denying Defendant's motion to modify the standard jury instruction

Turning to the merits of Defendant's argument, premises liability slip-and-fall actions prior to 2010 were governed by section 768.0710, which provided as follows:

> (1) The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects

4

or substances that might foreseeably give rise to loss, injury, or damage.

(2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:

(a) The person or entity in possession or control of the business premises owed a duty to the claimant;

(b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. *Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim.* However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and

(c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

§ 769.0710, Fla. Stat. (2009) (emphasis added).

However, in 2010, section 769.0710 was repealed and replaced with section 768.0755, Florida Statutes, which now provides as follows:

(1) If a person slips and falls on a transitory foreign substance in a business establishment, *the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition* and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

(b) The condition occurred with regularity and was therefore foreseeable.

5

(2)  This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

§ 768.0755, Fla. Stat. (2010) (emphasis added).

Notably, section 768.0755 differs from its predecessor, section 768.0710, by not allowing for liability based solely on the business establishment's general failure to maintain the premises.  Instead, section 768.0755 requires the plaintiff prove that the business establishment had actual or constructive notice of the dangerous condition before liability may be found.  *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 424–26 (Fla. 4th DCA 2014) (discussing the differences between sections 768.0755 and 768.0710).

After section 768.0710 was repealed and replaced with section 768.0755, the Supreme Court Committee on Standard Jury Instructions in Civil Cases ("Committee") submitted a written report proposing an amendment to instruction 401.20(a).  *In re Standard Jury Instructions in Civil Cases – Report No. 19-02.*, 285 So. 3d 255 (Fla. 2019) ("The Committee explains that its proposal stems from the repeal of section 768.0710, Florida Statutes, which previously governed claims for premises liability for transitory substances in business establishments, and the 2010 enactment of section 768.0755, Florida Statutes, which now governs such claims.").

However, the only amendment which the Committee recommended to instruction 401.20(a) was replacing a note directing the parties to refer to section 768.0710 and related case law with a note stating, "For transitory foreign substances in a business establishment, *see F.S.* 768.0755 and cases interpreting it."  Report No. 19-02 of the Committee on Standard Jury Instructions (Civil) at 2 (June 7, 2019).  The Committee did not propose redrafting instruction 401.20(a) itself, stating that the instruction remained "accurate for premises liability claims involving a landowner or possessor's negligence toward invitees and invited licensees *that do not involve transitory foreign substances.*"  *Id.* (emphasis added).  The Committee further stated that instruction 401.20(a) should not be redrafted until there is sufficient case law interpreting section 768.0755. *Id.*

While Defendant's motion for a new trial was pending before the trial court, the Florida Supreme Court approved the Committee's recommended amendment to instruction 401.20(a)'s note.  *In re Standard Jury*

6

*Instructions*, 285 So. 3d at 255. The supreme court's opinion states "we express no opinion on [the amendment's] correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of [instruction 401.20(a)]." *Id.*

As the instant case involves "transitory foreign substances in a business establishment," section 768.0755 reasonably should be referenced in framing jury instructions. That statute provides, in pertinent part: "If a person slips and falls on a transitory foreign substance in a business establishment, *the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition* and should have taken action to remedy it." § 768.0755(1), Fla. Stat. (2014) (emphasis added).

Instruction 401.20(a) predates 768.0755's enactment and does not account for the statute's requirement that an injured party in a *slip and fall* case "must prove that the business establishment had actual or constructive knowledge of the dangerous condition." As noted earlier, the jury was instructed that Plaintiffs must prove Defendant "negligently failed to maintain the premises in a reasonably safe condition, *or* negligently failed to correct a dangerous condition about which the Defendant either knew or should have known, by the use of reasonable care, *or* negligently failed to warn Plaintiff of a dangerous condition about which the Defendant had, or should have had, knowledge greater than that of Plaintiff . . . ." (emphasis added).

Defendant correctly argues instruction 401.20(a) was written in the disjunctive; it permitted the jury to find Defendant liable on a theory of negligent maintenance without making the statutorily required finding that Defendant had actual or constructive knowledge of the dangerous condition.

Instruction 401.20(a) would have been appropriate under the old governing statute, section 768.0710, because it was permissible for the jury to find liability on the theory of negligent maintenance without making a finding as to actual or constructive notice. *See* § 768.0710(2)(b), Fla. Stat. (2009) ("Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim.").

However, under section 768.0755, the new governing statute, a jury cannot find liability in a case involving "transitory foreign substances in a business establishment" unless it finds that the business establishment

7

had actual or constructive notice.  *See* § 768.0755(1), Fla. Stat. (2014) ("If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.").

Accordingly, instruction 401.20(a), as written, is incompatible for a lawsuit alleging a post-July 1, 2010 "slip[] and fall[] on a transitory foreign substance in a business establishment." *Id.*  Thus, we agree with Defendant that instruction 401.20(a) should not have been provided to the jury without modification.  *See, e.g.*, *Allstate Ins. Co. v. Vanater*, 297 So. 2d 293, 295 (Fla. 1974) ("An instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused them to arrive at a conclusion that otherwise they would not have reached."); *Chevron U.S.A., Inc. v. Forbes*, 783 So. 2d 1215, 1220 (Fla. 4th DCA 2001) ("The proper analysis in determining whether an erroneous instruction requires reversal is 'whether the jury might reasonably have been misled.'") (quoting *Fla. Power & Light Co. v. McCollum*, 140 So. 2d 569 (Fla. 1962)).

**Conclusion**

Florida Standard Jury Instruction (Civil) 401.20(a), requested by Plaintiffs and provided by the trial court, but without modification, was not legally correct.  As such, it could confuse or mislead the jury.  The trial court erred in providing this instruction to the jury without appropriate alteration consistent with the current statute.  Thus, we remand for a new trial.  We otherwise affirm without discussion on the remaining issues raised by Defendant on appeal and by Plaintiffs in their cross-appeal.

*Reversed and remanded for new trial.*

CONNER, C.J., and KUNTZ, J., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

8