# Third District Court of Appeal
## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1850
Lower Tribunal No. 21-CA-461-K
_____

**Homeowners Choice Insurance Company,**
Appellant.

vs.

**Alexis Jeffrey,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Butler Weihmuller Katz Craig, LLP, and Mihaela Cabulea (Tampa), for appellant.

Chad Barr Law, and Chad A. Barr (Altamonte Springs), for appellee.

Before LINDSEY, GORDO and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Miami-Dade Cnty. v. Guyton, 388 So. 3d 50, 51-52 (Fla. 3d DCA 2023) ("While we apply de novo review to these rulings, in reviewing the trial court's denial of the County's motion for directed verdict . . . an appellate court must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the nonmoving party's favor, and if there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, then the issue is factual and should be submitted to the jury for resolution.  A directed verdict should only be granted (or affirmed on appeal) where no proper view of the evidence could sustain a verdict in favor of the nonmoving party. . . . [B]ecause the evidence admitted at trial, viewed in a light most favorable to Guyton, supported the jury's verdict, we affirm . . . the trial court's denial of the County's motion for directed verdict[.]"); H & H Elec., Inc. v. Lopez, 967 So. 2d 345, 347-49 (Fla. 3d DCA 2007) ("We review discretionary issues involving the . . . issuance of jury instructions for abuse of discretion. . . . Appellants contend that the jury instructions as given were misleading or confusing . . . . We disagree. . . . Decisions regarding jury instructions are within the sound discretion of the trial court and absent prejudicial error, shall not be disturbed on appeal.  Prejudicial error requiring a reversal of judgment or a new trial occurs only where the error complained

of has resulted in a miscarriage of justice. Furthermore, a miscarriage of justice arises where instructions are reasonably calculated to confuse or mislead the jury. In the instant case, there is no evidence that the jury instructions given were reasonably calculated to mislead the jury . . . . As such, we find no reversible error in the issuance of these instructions.") (internal quotation marks and citations omitted).