714 So.2d 467 (1998)
Robert E. SMITH and Barbara Smith, his wife, Appellants,
v.
Dr. Craig HUGO, V.M.D and The Cat Hospital Of Hillsboro Boulevard, Appellees.
No. 97-0220.
District Court of Appeal of Florida, Fourth District.
March 18, 1998.
Rehearing Denied April 23, 1998.
David L. Kahn of David L. Kahn, P.A., Fort Lauderdale, for appellants.
Daniel M. Bachi, Jeffrey D. Kirby and Bard D. Rockenbach of Sellars, Supran, Cole, Marion & Bachi, P.A., West Palm Beach, for appellees.
DELL, Judge.
Robert and Barbara Smith appeal from a jury verdict in favor of Dr. Craig Hugo and The Cat Hospital of Hillsboro Boulevard, Inc. ("Cat Hospital"). Appellants have failed to demonstrate reversible error in the eight points raised on appeal. We will, however, discuss appellants' challenge to the court's instruction to the jury.
On July 3, 1992, Robert Smith brought his cat to Dr. Hugo for an examination and inoculation. During the vaccination procedure, *468 the cat bit Mr. Smith. Appellants sued Dr. Hugo and Cat Hospital for negligence and loss of consortium.
The court charged the jury using Florida Standard Jury Instruction (Civil) 4.1 on ordinary negligence, but refused to give the modified version of Florida Standard Jury Instruction (Civil) 4.2c as requested by appellants. Appellants contend that the trial court erred by failing to instruct the jury on the standard of negligence for a veterinarian.
The failure to give a requested instruction constitutes reversible error when the complaining party establishes that the requested instruction accurately states the applicable law, the facts in the case support giving the instruction, and the instruction was necessary to allow the jury to properly resolve all issues in the case.
Auster v. Gertrude and Philip Strax Breast Cancer Detection Inst., Inc., 649 So.2d 883, 887 (Fla. 4th DCA 1995). "However, an appellate court will not set aside a verdict merely because an instruction which might have been proper is not given; the court must conclude that the jury was misled by the instructions which were used." Bohannon v. Thomas, 592 So.2d 1246, 1248 (Fla. 4th DCA 1992).
The proposed instruction accurately stated the law, and the facts supported giving the instruction; however, the instruction was not necessary in order for the jury to resolve the issues in this case. The general negligence instruction addresses the standard of care as a reasonably careful person under like circumstances. A reasonable person under like circumstances as defined in the standard instruction would contemplate Dr. Hugo's education and experience as a veterinarian. Further, both Dr. Hugo and the appellants' expert testified as to the standard of care for a veterinarian, and appellants presented evidence that Dr. Hugo did not act as a reasonable veterinarian would have acted under similar circumstances.
Under the court's instruction, the jury had a proper basis to resolve the issues of negligence and comparative negligence. The failure to give Florida Standard Jury Instruction (Civil) 4.2c was, at most, harmless error.
AFFIRMED.
OWEN, WILLIAM C., Jr., Senior Judge, concurs specially with opinion.
GROSS, J., dissents with opinion.
OWEN, WILLIAM C., Jr., Senior Judge, concurs specially.
I concur in the opinion by Judge Dell, and would add only one observation. Because the appellee's alleged negligent conduct did not cause injury or harm to the "patient," it was, I think, properly considered as ordinary negligence and not professional negligence.
GROSS, Judge, dissenting.
I respectfully dissent. In this case, plaintiffs/appellants accused defendant/appellee veterinarian Dr. Craig Hugo of malpractice. Plaintiffs contended that the veterinarian negligently handled the vaccination procedure for their cat, resulting in the cat biting plaintiff, Robert Smith, on the finger. The veterinarian was a professional who should be judged according to the standards of his profession. Plaintiffs were entitled to the requested charge under Florida Standard Jury Instructions (Civil) 4.2c. Although Florida Standard Jury Instruction (Civil) 4.1 on ordinary negligence was given, it was not sufficient to state the law in this case, since there was an issue of the comparative negligence of Robert Smith. The instructions failed to clarify that Smith and the defendant were to be judged under different standards; the plaintiff by comparison to "a reasonably careful person ... under like circumstances," and the defendant by comparison to "a reasonably careful veterinarian ... under like circumstances." There was a reasonable possibility that the jury could have been misled by the failure to give the instruction. See, e.g., Tilley v. Broward Hosp. Dist., 458 So.2d 817, 818 (Fla. 4th DCA 1984).
I also note that plaintiff's objection to the veterinarian assistant's testimony concerning Dr. Hugo's cat handling abilities was not properly preserved under section 90.104(1)(a), Florida Statutes (1995), which *469 requires an objection "stating the specific ground of objection." The stated bases for the objection were the lack of a foundation and that the question called for an expert opinion. These grounds did not preserve the objection that the question called for evidence of a character trait___ that the doctor always handled animals "with extreme caution"___ as gleaned from the witness's four years of experience observing the doctor treating various cats. Evidence of a trait of a person's character is inadmissible to prove that he acted "in conformity with it on a particular occasion." § 90.404(1), Fla. Stat. (1995).