752 So.2d 39 (2000)
Gerardo GONZALEZ and Interamerican Car Rental, Inc., Appellants,
v.
Charles B. ROSE, II, Appellee.
No. 3D99-259.
District Court of Appeal of Florida, Third District.
February 2, 2000.
Rehearing Denied March 15, 2000.
Richard A. Sherman and Rosemary B. Wilder (Ft.Lauderdale); Marlow, Connell, Valerius, Abrams, Adler & Newman and Jose I. Valdes, Miami, for appellants.
Wetherington, Klein & Hubbart, P.A. and Phillip A. Hubbart, Miami; Thomas W. Headley, Miami, for appellee.
Before COPE, GREEN, and FLETCHER, JJ.
GREEN, J.
The appellants, defendants below, appeal an adverse final judgment entered pursuant to a jury verdict in an automobile negligence case. They essentially argue that the trial court reversibly erred in *40 failing to give two of their requested jury instructions which they maintain supported their theory of defense in this case. We disagree and affirm.
This case arose as the result of an automobile accident occurring at 2:00 p.m. at the intersection of N.W. 6th Avenue and N.E. 177th Street in Miami. At the time, appellee, Charlie B. Rose, testified that he was in the middle lane proceeding north through the intersection on a yellow light. There was another car traveling in the same direction as Rose in the right lane which stopped at the intersection when the light was yellow. As Rose entered the intersection, he noticed a car facing him southbound and waiting in the left hand turn lane. The driver of this car was the appellant, Gerardo Gonzalez, who was operating a rented vehicle owned by the appellant, Interamerican Car Rental, Inc. As Rose proceeded through the intersection, Gonzalez simultaneously proceeded to make his left turn. Although Rose attempted to take evasive action, the two cars collided and Rose sustained serious bodily injuries.
Rose filed suit and this case proceeded to a jury trial. According to Rose's theory of the case, he had the right of way and Gonzalez was required to yield to his oncoming vehicle. According to Gonzalez's testimony at trial, Rose sped through the intersection after the traffic light had turned red and after he proceeded to make his left turn. Thus, according to the defense's theory of the case, Gonzalez had the right of way and was legally entitled to complete his left turn.
During the charge conference, the trial court granted the plaintiff's proposed jury instruction pursuant to section 316.122, Florida Statutes (1993) setting forth the obligation of a vehicle intending to turn left at an intersection.[1] The defense requested that the trial court give two special jury instructions. The first such proposed instruction read:
(15) A motorist who has a green light at an intersection has a right to act on assumption that a motorist traveling in the opposite direction will stop at a stoplight unless and until he or she becomes aware of the fact that the other motorist is not going to stop at the red light and is not negligent unless he or she has a clear opportunity to act in such emergency so as to avoid a collision after the emergency arose.
Plaintiff's counsel objected to this instruction on the grounds that it was a comment on the evidence and was unnecessary in light of the standard instructions to be given by the court. The trial court denied the requested charge. Instead, with the consent of both counsel, the court gave the following special instruction:
The operator of a motor vehicle who proceeds in compliance with the law has a right to assume that others will obey the law and exercise due care to avoid an accident.
Defense counsel also requested that the court give the following special instruction defining right-of-way:
Right-of-way is defined as the right of one motor vehicle to proceed in a lawful *41 manner in preference to another motor vehicle approaching under circumstances of direction, speed, and proximity as to give rise to a danger unless one grants precedence to the other.
The trial court also denied this special instruction.
After the jury was instructed by the trial court, the jury began its deliberations. During its deliberations, the jury sent out a note asking if they could read the law on right-of-way. While the trial court and counsel engaged in a lengthy discussion about how to appropriately respond to this question, the jury notified the court that it had reached its verdict in the case. With the consent of both parties, the trial court nevertheless instructed its bailiff to inquire of the jurors whether they wanted their question answered. The bailiff did so, and reported back that the jurors indicated that they needed no clarification of their question. Thereafter, the jury returned its verdict finding negligence on Gonzalez's part, but no negligence on the part of appellee Rose and awarding damages in the total amount of $366,123.50. After final judgment was entered pursuant to the jury's verdict, and the appellant's motion for a new trial was denied, this appeal was timely perfected.
The appellant's essential contention on this appeal is that the trial court reversibly erred when it failed to give their two requested jury instructions based upon their theory of the case. They maintain that this error misled the jury on the applicable law and denied them a fair trial in the process. We cannot agree.
First of all, Florida law is clear that decisions regarding jury instructions rest within the sound discretion of the trial court and should not be overturned on appeal absent a showing of prejudicial error. See Goldschmidt v. Holman, 571 So.2d 422, 425 (Fla.1990). Elaborating on the nature of the prejudicial error required, the supreme court further said:
Prejudicial error requiring a reversal of judgment or a new trial occurs only where `the error complained of has resulted in a miscarriage of justice.' See 59.041, Fla. Stat. (1989). A `miscarriage of justice' arises where instructions are reasonably calculated to confuse or mislead the jury.
571 So.2d at 425. In order to demonstrate reversible error, our district, along with the other districts adhere to the rule that an appellant must establish that the requested instruction(s) contained an accurate statement of the law, the facts in the case supported a giving of the instructions, and the instructions were necessary for the jury to properly resolve the issues in the case. See Auster v. Gertrude and Philip Strax Breast Cancer Detection Institute, Inc., 649 So.2d 883, 887 (Fla. 4th DCA 1995) (adopting Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA 1988)); Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 942 (Fla. 3d DCA 1987); Davis v. Lewis, 331 So.2d 320 (Fla. 1st DCA 1976). We do not believe that the appellants have met their burden under this standard.
Although the appellant's proposed jury instruction number 15 may have been an accurate statement of law, see Wagner v. Willis, 208 So.2d 673 (Fla. 2d DCA 1968), it nevertheless was inapplicable and was not supported by the facts of this case. Without dispute, neither Gonzalez nor Rose had a green light at the intersection as stated in the proposed instruction at the time of Gonzalez's left turn. The court's giving of this instruction therefore would have only have served to confuse or mislead the jury in this case. The trial court's failure to give this instruction cannot be deemed an abuse of discretion.
We also cannot conclude that the trial court abused its discretion when it declined to give the appellant's requested jury instruction specifically defining right-of-way. We agree with the appellees that the phrase "right-of-way" is self-evident and was wholly unnecessary given the fact *42 that the trial court did read the right-of-way traffic statute to the jury. Our review of the instructions, taken as a whole, leads us to conclude that the lower court adequately charged the jury in this case and that the jurors were not misled. We therefore cannot find the court's failure to specifically define right-of-way in this case to be reversible error. See Tolivert v. Estate of Scherer, 715 So.2d 358, 358-59 (Fla. 5th DCA 1998) (stating that "[i]f the instructions given contain a sufficient statement of the law concerning the points in controversy, then there is no reversible error in failing to give the requested instructions."); CSX Transp., Inc. v. Whittler, 584 So.2d 579, 586 (Fla. 4th DCA 1991) (holding that "[i]f jury instructions, viewed as a whole, fairly state the applicable law to the jury, the failure to give particular instructions will not be error.").
Finally, as to the appellant's remaining minor points on appeal, we find them to be without merit and summarily affirm them as well.
Affirmed.
NOTES
[1] That instruction read as follows:

Florida Statutes 316.122 states as follows: The driver of a vehicle intending to turn to the left within an intersection or alley, private road, et cetera, shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.
Under Florida Statutes section 316.183(1), no person shall drive a vehicle on a street, highway, or road at a speed greater than is reasonable and prudent under the conditions and have regard for the actual and potential hazards then existing. In any event, speed shall be controlled as may be necessary to avoid or colliding with any person, vehicle or other conveyance or on entering the highway in compliance with the legal requirements and the duty of all persons to use due care. The driver of every vehicle shall, consistent with the requirements of subsection one, drive at an approximately reduced speed when approaching and crossing an intersection.