SHEVIN, Judge.
Plaintiff appeals a final judgment in favor of defendant A.J. Capeletti, Inc. in a wrongful death action. We reverse and remand for a new trial.
We find error in the trial court’s refusal to give plaintiffs requested instruction as to the effect of defendant’s violations of a local ordinance and a Miami-Dade County Code provision. The record reveals that “the requested instruction(s) contained an accurate statement of the law, the facts in the case supported a giving of the instructions, and the instructions were necessary for the jury to properly resolve the issues in the case.” Gonzalez v. Rose, 752 So.2d 39, 41 (Fla. 3d DCA 2000). First, Capelleti does not dispute .that the instruction requested is an accurate statement of the law. Second, the evidence at trial supported giving the requested instruction. Finally, the instruction was necessary for the jury’s proper resolution of the effect of the defendant’s alleged statutory violations.
*640 Contrary to the defendant’s argument, the remaining instructions, the verdict form, and the argument by plaintiffs counsel in closing, does not render the failure to give the requested instruction harmless. Failure to give the requested instruction left the jury to determine several pivotal questions in the case without the benefit of the court’s instruction. Neither the given instructions nor the verdict form advised the jury of the legal significance of defendant’s statutory violations. Cruz. Thus, refusal to instruct the jury on this point cannot be considered harmless. See Ridley v. Safety Kleen Corp., 693 So.2d 934, 937-38 (Fla.1996); Seaboard Coastline R.R. Co. v. Addison, 502 So.2d 1241 (Fla.1987).
The disposition of the instruction issue makes it unnecessary to reach the remaining issue on appeal.
Reversed and remanded.