NESBITT, J., Senior Judge.
In this negligence action, a bike rider injured in a collision with a motorist appeals the final judgment entered in the motorist’s favor. . We reverse.
Driving forward out of her Coral Gables driveway on Coral Way, Sharon T. Cos-mides collided with bicyclist Michael W. Beeman. Beeman brought the instant action, asserting that Mrs. Cosmides drove her vehicle in a negligent manner by failing to yield the right of way, and also claiming James Cosmides, the vehicle’s owner, was vicariously liable. Beeman also alleged that the Cosmides were negligent in the manner in which they designed, constructed, and maintained then-property. Likewise, Beeman alleged that the Cosmides’ neighbor, Pablo Gomez, maintained his adjoining property in a dangerous manner, violating portions of the Coral Gables and Miami-Dade code.[1]
At trial, Beeman testified that at the time of the collision he was wearing sunglasses and Walkman earphones. He was traveling down the center of the sidewalk at “a leisurely pace,” but never saw the Cosmides’ vehicle. There was “a flash,” and he found himself under the car. Bee-man testified that there was nothing blocking his view as he headed towards the Cosmides’ home. Mrs. Cosmides testified that she was in the process of slowly inching out of her driveway when the accident occurred. She said she took extra precautions as she exited, mainly because of a tall hedge on the neighboring property. As was her usual procedure, she stopped at the edge of her wall and looked as far as she could.
Dr. Freeman, the Cosmides’ expert, testified that if Beeman had been paying attention, he would have had plenty of time to see the vehicle. When Beeman sought to introduce certain ordinances through his expert, Dr. William Fogarty, the judge ruled that he would read them as part of the instructions, if appropriate. Over Beeman’s objection, the judge repeatedly rejected Beeman’s attempts to proffer various statutes, ordinances, and code sections, which Beeman maintained were relevant to his case. The jury was asked: “Was there negligence on the part of James and Sharon Cosmides which was a legal cause of the loss, injury or damage to Michael Beeman?” The jury answered no, and final judgment was entered pursuant to the verdict.
Beeman maintains that section 316.125, Florida Statutes (2001),[2] required Mrs. Cosmides to stop in a place affording her an unobstructed view of the sidewalk, and to yield the right of way. He sought a directed verdict on the issue of negligence on that basis. However, because there was at least some record evidence that Mrs. Cosmides had stopped as she exited her driveway, we find no error in the trial judge’s decision not to grant a directed verdict.
Beeman also argues that the trial judge should have granted his request to *513 have section 316.125 as well as section 316.1925, Florida Statutes(2001),[3] the careless driving section, submitted to the jury. Defendants maintain and we agree that the instructions as given sufficiently paraphrased those statutes and apprized the jury of what they were to consider. See Fla. Std. Jury Instr. (Civ.) 4.11.(expressly provides for the paraphrasing of a statute where appropriate.) We do agree, however, with Beeman’s claim that the trial court erred in failing to either read or paraphrase section 316.130(15), Florida Statutes (2001), and we find that the failure to inform the jury as to this section deprived Beeman of a fair determination of his claim. Section 316.130(15), provides:
Notwithstanding other provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian or any person propelling a human-powered vehicle and give warning when necessary and exercise proper precaution upon observing any child or any obviously confused or incapacitated person. (Emphasis added.)
Section 316.130(15) places a responsibility on every driver in relation to a person either walking or on a “human-powered vehicle,” to give warning when necessary. Beeman had a right to have the jury informed of that responsibility. The facts in this case supported giving the instruction, as it was necessary for the jury to properly resolve the issue in this case. See Gonzalez v. Rose, 752 So.2d 39, 41 (Fla. 3d DCA 2000); see also Vanegas ex rel. Estate of Vanegas v. A.J. Capeletti, Inc., 796 So.2d 639 (Fla. 3d DCA 2001). We find no merit to the other issues raised.[4]
Accordingly, the order under review is reversed and remanded.

. The jury returned a finding of no negligence on the part of both the Cosmides and Mr. Gomez. Initially, Mr. Gomez was named in this appeal, however, the appeal as to Mr. Gomez has since been dismissed.

. Section 316.125 provides, in part:
(2) The driver of a vehicle emerging from an alley, building, private road or driveway within a business or residence district shall stop the vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across the alley, building entrance, road or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon and shall yield to all vehicles and pedestrians which are so close thereto as to constitute an immediate hazard.

. Section 316.1925 provides:
(1) Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, comers, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. Failure to drive in such manner shall constitute careless driving and a violation of this section.
(2) Any person who violates this section shall be cited for a moving violation, punishable as provided in chapter 318.

. In light of plaintiff's theory of the case, and the evidence presented, we find no error in the judge's evidentiary rulings as to the Coral Gables Code.