908 So.2d 1084 (2005)
Richard Michael BARKETT, et al., Appellants,
v.
Carlos GOMEZ, Appellee.
No. 3D04-1475.
District Court of Appeal of Florida, Third District.
June 15, 2005.
Rehearing Denied September 7, 2005.
*1085 Luis E. Ordonez, Miami and Frances F. Guasch, for appellants.
Feiler, Leach & McCarron, and Martin E. Leach, Coral Gables, for appellee.
Before LEVY, C.J., and RAMIREZ and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendants, Richard Barkett (Barkett) and American Veterinary Supply Company (American Veterinary) appeal a final judgment entered pursuant to a jury verdict and the denial of a new trial. We reverse and remand for a new trial.
While delivering pizza flyers to vehicles in an intersection, the plaintiff, Carlos Gomez, was hit by an American Veterinary vehicle driven by Barkett. During the trial, the defendants attempted to introduce a photograph of the vehicle into evidence, through the testimony of Barkett. The photograph depicted the vehicle with a dent on its right side. Plaintiff's counsel objected. After voir dire, the trial court sustained the objection, thereby precluding the introduction of the photograph.
At the conclusion of the trial testimony, the defendants requested a jury instruction on section 316.130(3), Florida Statutes, which prohibits pedestrians from walking on a roadway paved for vehicular traffic when a sidewalk is available. The trial court denied the requested jury instruction.
During closing arguments, plaintiff's counsel stated, "the main thing I want you to think about, it's real important, where is Dr. King?" Dr. King was a passenger in Barkett's car, who was listed on both parties' witness lists, however neither party called him as a witness. Immediately after the statement, the defendants objected, and the trial court sustained the objection. The defendants did not request a curative instruction, and did not move for mistrial. Plaintiff's counsel then stated, "Three people witnessed this accident. We heard the testimony of Mr. Barkett.... We heard the testimony of Carlos Gomez. That's it."
After deliberations the jury returned a verdict finding the defendants 80% negligent *1086 and the plaintiff 20% negligent. The defendants moved for a new trial, arguing, in part, that (1) the jury verdict was against the manifest weight of the evidence, (2) the jury should have been instructed on section 316.130(3), (3) the photograph of Barkett's vehicle should have been introduced into evidence, and (4) the plaintiff was incorrectly permitted to comment on the defendants' failure to call Dr. King as a witness. The trial court denied the motion and the defendants appealed.
The standard of review over a trial court's decision regarding a motion for new trial is abuse of discretion. Franklin v. Public Health Trust of Dade County, 759 So.2d 703 (Fla. 3d DCA 2000). The defendants argue that the trial court erred when it refused to instruct the jury on section 316.130(3), Florida Statutes (2002). "Florida law is clear that decisions regarding jury instructions rest within the sound discretion of the trial court and should not be overturned on appeal absent a showing of prejudicial error." Gonzalez v. Rose, 752 So.2d 39, 40 (Fla. 3d DCA 2000). The failure to give a requested jury instruction constitutes prejudicial error when there is a reasonable possibility that the jury could have been misled by the failure to give the instruction. Golian v. Wollschlager, 893 So.2d 666, 667 (Fla. 1st DCA 2005). In order to demonstrate that the failure to give a requested jury instruction constitutes reversible error, an appellant must establish that the requested instruction contained an accurate statement of the law, the facts in the case supported a giving of the instruction, and the instruction was necessary for the jury to properly resolve the issues in the case. Gonzalez, 752 So.2d at 40; Smith v. Hugo, 714 So.2d 467, 468 (Fla. 4th DCA 1998).
One of the theories of defense in this case was that the plaintiff was illegally in the roadway when he was struck by Barkett. The defendants therefore requested an instruction which tracked the language of section 316.130(3), Florida Statutes. There is no dispute that the jury instruction requested is an accurate statement of the law. The trial court found, and the plaintiff argues on appeal, that the facts in the case did not, however, support the giving of the requested instruction. Specifically, the trial court declined to give the instruction because it found that there was insufficient evidence for the jury to conclude that there was in fact a sidewalk. We disagree.
The transcript of the plaintiff's testimony contains a number of references to a sidewalk. Despite this testimony, the trial court stated that while the plaintiff agreed during his testimony, that there was a sidewalk, he may have been mistakenly referring to a pathway, an asphalt strip, or the curb, and calling it a sidewalk. While this may have been a proper argument for closing argument, since there was testimony presented that a sidewalk existed, the court was not free to interpret the evidence presented, nor was it free to evaluate its evidentiary value. To do so deprived the jury of their right to evaluate the evidence presented and to consider it in light of the applicable law. As there was evidence in the record from which a jury could conclude that there was a sidewalk, and section 316.130(3), Florida Statutes, would prohibit the conduct of the plaintiff, the trial court erred by refusing to give the requested instruction. See Craig v. School Bd. of Broward County, 679 So.2d 1219, 1221 (Fla. 4th DCA 1996)(explaining that a party is entitled to have the trial court instruct the jury on his theory of the case when the evidence supports the theory, even if the evidence is controverted); Mathieu v. Schnitzer, 559 So.2d 1244, 1245 (Fla. 4th DCA 1990)(finding that when there is evidence of a violation *1087 of traffic regulations, a party is entitled to a jury instruction thereon). As the defendants claimed they were not negligent; claimed that the plaintiff was injured due to his own negligence by being in the roadway illegally; and because the defendants claimed that if found to be negligent to any degree their liability should be substantially reduced based upon the plaintiff's contributory negligence; the requested instruction was both relevant and material to the defendants' defense.
The undisputed evidence at trial was that Barkett was driving within the speed limit, not talking on a cell phone, paying attention to the road, in the correct lane of travel, and traveling with the green light when he hit the plaintiff who, pursuant to section 316.130(3), was illegally in the street handing out flyers. Failure to give the requested instruction therefore, constitutes prejudicial error as it denied the defendant of his right to a fair trial and due process of the law. Accordingly, we reverse the trial court's denial of the defendants' motion for new trial and remand for a new trial.
Although our decision on the jury instruction issue is dispositive, we will address the two remaining issues on appeal in order to assist the trial court on remand. First, the defendants argue that a new trial was warranted because the trial court abused its discretion when it excluded the photograph of the vehicle due to a lack of a proper foundation. In order to introduce a photograph into evidence, its proponent must establish that the photograph fairly and accurately represents what it purports to depict. Bryant v. State, 810 So.2d 532, 536 (Fla. 1st DCA 2002).[1] In the instant case, after the plaintiff objected to the admission of the photograph, the following voir dire of Barkett took place:
Q. What does the picture depict, right after the accident, or weeks after the accident, if you know?
A. I don't know the answer to that question. . . .
Q. Do you know if this picture was taken before or after there had been repairs to this vehicle in any form?
A. No, I don't know the answer to that question.
The trial court excluded the photograph because of the uncertainty of when it was taken. As Barkett was not able to testify whether the vehicle had been repaired in any way before the photograph was taken, the trial court did not abuse its discretion in determining that he failed to establish that the photograph fairly and accurately depicted the condition of the vehicle after the accident.
The defendants also argue that the trial court abused its discretion when it denied their motion for new trial based on plaintiff's counsel's reference to the fact that the passenger in Barkett's car did not testify. The defendants are correct that it is improper to comment upon one party's failure to call a witness when the witness is equally available to both parties. Terry v. State, 668 So.2d 954, 963 (Fla.1996); Lowder v. Economic Opportunity Family Health Ctr., Inc., 680 So.2d 1133, 1135 (Fla. 3d DCA 1996). However, in order to preserve a claim based on an improper comment, once the trial court sustains the objection, the objecting party must request a curative instruction or a mistrial. State v. Fritz, 652 So.2d 1243, 1244 (Fla. 5th *1088 DCA 1995)(determining that a party cannot await the outcome of a trial to seek the relief of a new trial based on an improper comment, but instead he must request a curative instruction or a mistrial at the time of the instruction or at the end of closing arguments); see also Puentes v. State, 658 So.2d 171, 172 (Fla. 3d DCA 1995)(explaining that to preserve an objection to improper comments for appellate review, a party must request a curative instruction or move for a mistrial).
In the instant case, the defendants' objection to the plaintiff's counsel's improper reference to the fact that the passenger in Barkett's car did not testify was sustained, but the defendants did not request a curative instruction or move for a mistrial. Therefore, the defendants did not properly preserve their objection and the trial court did not err in refusing to grant a new trial based on the improper comment.
Reversed and remanded.
NOTES
[1] The parties are correct that the witness testifying as to the fairness and accuracy of the photograph need not be the person who took the photograph. Hillsborough County v. Lovelace, 673 So.2d 917, 918 (Fla. 2d DCA 1996).