952 So.2d 558 (2007)
Kimberly L. MOSS, as mother and natural guardian of Chelsea L. Moss, a minor, Appellant,
v.
KOUNTRY KITCHEN OF KEY LARGO, INC., a Florida corporation, d/b/a Ganim's Restaurant (Pennekamp), Appellee.
No. 3D06-397.
District Court of Appeal of Florida, Third District.
February 7, 2007.
Vernis & Bowling and Rob T. Cook and Steven Bloodworth, Islamorada, for appellant.
Morgan & Morgan and Thomas J. Morgan, Jr., Miami, for appellee.
*559 Before RAMIREZ, SUAREZ, and LAGOA, JJ.
SUAREZ, J.
Kimberly Moss, the mother of Chelsea Moss ("Chelsea"), appeals a final judgment entered after a jury verdict in favor of Kountry Kitchen of Key Largo, Inc. ("Kountry Kitchen"). We reverse the final judgment.
On July 21, 1999, Chelsea Moss, eight years old at the time, was injured while in the aisle at Kountry Kitchen when a pot of hot coffee being carried by a waitress spilled on her and caused her severe burns. The mother sued Kountry Kitchen for negligence alleging that the waitress failed to exercise due care in the performance of her duties as an employee of Kountry Kitchen. The evidence at trial showed that the waitress was in a narrow aisle carrying two pots of hot coffee while she was attempting to refill a customer's cup when the coffee spilled on Chelsea causing her injuries.
Over objection, the trial court deviated from the standard negligence jury instruction and, instead, instructed the jury that, as to negligence, the question was whether Kountry Kitchen was negligent in the manner in which its employee carried coffee which was a legal cause of loss, injury or damage to the plaintiff. The jury sent a note questioning the instruction, and then returned a verdict of no liability on the part of the restaurant.
We hold that the trial court abused its discretion, see Barkett v. Gomez, 908 So.2d 1084 (Fla. 3d DCA 2005), in deviating from the standard jury instruction on negligence which asks the jury to determine if Kountry Kitchen or its employee was negligent in the operation, maintenance and performance of services rendered which were a legal cause of the injury. First, the standard jury instruction is presumed correct, and should be given unless it is erroneous or inadequate. See, e.g., McConnell v. Union Carbide Corp., 937 So.2d 148 (Fla. 4th DCA 2006); Smith v. Cuban Am. Nat'l Found., 731 So.2d 702 (Fla. 3d DCA 1999); Fla. R. Civ. P. Form 1.985. The trial court failed to state on the record the legal reasons for deviation from the standard instruction. The trial court's departure from the standard jury instruction on negligence without stating on the record a legal reason for doing so is erroneous. In re Standard Jury Instructions, 198 So.2d 319 (Fla. 1967).
Second, the evidence at trial raised issues other than those involving the negligence of the waitress alone. Therefore, the facts presented supported the giving of the standard jury instruction in order for the jury to properly resolve the issues in the case. See Barkett, 908 So.2d at 1084 (citing Gonzalez v. Rose, 752 So.2d 39 (Fla. 3d DCA 2000)).
Last, the trial court abused its discretion by departing from the standard instruction because the non-standard instruction may have misled the jury, as is evidenced by the question the jury posed relating to the manner in which the coffee was carried, by limiting its consideration of issues presented at trial. See Roby v. Kingsley, 492 So.2d 789 (Fla. 1st DCA 1986).
For all these reasons, we reverse the final judgment in favor of Kountry Kitchen and remand for a new trial. See Barkett, 908 So.2d at 1084; McConnell, 937 So.2d at 148; Smith, 731 So.2d at 702; Kingsley, 492 So.2d at 789; In re Standard Jury Instructions, 198 So.2d at 319.
Reversed and remanded with instructions.