# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D11-3270
Lower Tribunal No. 10-41578
_____

**Paula Font, individually, and as personal representative of the Estate of Luis Torres, deceased,**
Appellant,

vs.

**Union Carbide Corporation,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Joseph P. Farina, Judge.

The Ferraro Law Firm and Paulo R. Lima and Juan P. Bauta, II, for appellant.

Carlton Fields Jorden Burt, P.A., and Matthew J. Conigliaro (Tampa), for appellee.

Before SUAREZ, C.J., and WELLS and LAGOA, JJ.

ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

We reconsider on remand our opinion in Font v. Union Carbide Corp., 118 So. 3d 1005 (Fla. 3d DCA 2013) ("Font I"), which was quashed by the Supreme Court of Florida following its decision in Font v. Union Carbide Corp., 41 Fla. L. Weekly S113 (Fla. Jan. 12, 2016) ("Font II"). As ordered by the Supreme Court of Florida, we must apply Aubin v. Union Carbide Corp., 177 So. 3d 489 (Fla. 2015) ("Aubin II"), to our earlier opinions. Based on Aubin II, we are constrained to conclude that the jury instruction requested by Appellant, Paula Font ("Font"), accurately stated the applicable law, the evidence supported the giving of the instruction, the instruction was necessary to resolve the issues properly, and Font was entitled to submit her strict liability claims to the jury on *both* the "risk utility" test of the Restatement (Third) of Torts ("Third Restatement") *and* the "consumer expectations" test of the Restatement (Second) of Torts ("Second Restatement"). Thus, we reverse the final judgment in favor of Appellee, Union Carbide Corporation ("Union Carbide"), and remand for a new trial.

## I.    FACTUAL & PROCEDURAL HISTORY

Font, individually and on behalf of the Estate of Luis Torres ("Torres"), deceased, filed a wrongful death action for negligence and strict liability for failure to warn and the manufacture of a defective product against Union Carbide and other asbestos manufacturers and distributors. Font alleged that Torres, her father, died of malignant pleural mesothelioma as a result of exposure to joint compound

2

products and texture sprays designed, manufactured, and supplied by the defendants that contained Union Carbide's Calidria SG-210 asbestos. Font presented evidence that Calidria SG-210, when in a respirable form, can and does cause mesothelioma, as well as other asbestos-related illnesses.

At the charge conference on November 9, 2011, Font requested that the standard jury instruction PL 5 be given to the jury verbatim. That instruction, in which the Supreme Court Committee on Standard Jury Instruction in Civil Cases ("Committee") defined "unreasonably dangerous" under both the risk utility *and* the consumer expectations tests, states in pertinent part: "A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer or the risk of danger in the design outweighs the benefits." Fla. Std. Jury Instr. (Civ.) PL 5. Font argued that she was entitled to submit her case to the jury on both theories of strict liability. Union Carbide disagreed, arguing that pursuant to Agrofollajes, S.A. v. E.I. Du Pont De Nemours & Co., 48 So. 3d 976 (Fla. 3d DCA 2010),[1] this Court had rejected the Second Restatement's consumer expectations test and determined that after Kohler Co. v. Marcotte, 907 So. 2d 596 (Fla. 3d DCA 2005),[2] the appropriate standard

---

[1] Subsequently, disapproved of by the Supreme Court of Florida in Aubin v. Union Carbide Corp., 177 So. 3d 489 (Fla. 2015).

[2] Subsequently, disapproved of by the Supreme Court of Florida in Aubin v. Union Carbide Corp., 177 So. 3d 489 (Fla. 2015).

was the risk utility test articulated in the Third Restatement. Union Carbide asked, therefore, that the case be submitted to the jury only on the risk utility theory. The trial court denied Font's request to include the consumer expectations instruction. The jury returned a verdict in favor of Union Carbide and Font appealed to this Court.

On appeal, Font sought reversal because the trial court did not instruct the jury on the consumer expectations test as expressed in PL 5. On August 21, 2013, this Court affirmed the jury's verdict in favor of Union Carbide with citation to both Agrofollajes and Union Carbide Corp. v. Aubin, 97 So. 3d 886 (Fla. 3d DCA 2012). ("Aubin I"). See Font I, 118 So. 3d 1005. Following Agrofollajes, this Court had determined in Aubin I that the trial court erred in failing to apply the Third Restatement's exclusive adoption of the risk utility test for a design defect claim, which imposes on plaintiffs the requirement of proving a reasonable alternative design. 97 So. 3d at 893-894. Font petitioned for review by the Supreme Court of Florida, and while that petition was pending, the Supreme Court quashed this Court's opinion in Aubin I, holding that the Second Restatement's consumer expectations test could also apply to design defect claims. Aubin II, 177 So. 3d at 519-20. Notably, the Supreme Court stressed that this Court's holding in Aubin I expressly and directly conflicted with its holding in West v. Caterpillar Tractor, Co., 336 So. 2d 80 (Fla. 1976), and with the Fourth District's decision in

4

McConnell v. Union Carbide Corp., 937 So. 2d 148 (Fla. 4th DCA 2006), disapproved of on other grounds by Aubin v. Union Carbide Corp., 177 So. 3d 489 (Fla. 2015), both of which applied the consumer expectations test set forth in the Second Restatement as an alternative theory for design defect under strict products liability. Aubin II, 177 So. 3d at 502.

On January 12, 2016, the Supreme Court issued an order in which it accepted jurisdiction of the instant case—which involves the same defendant and the same product as Aubin I and Aubin II—and "ordered that the Petition for Review is granted, that the Third District Court of Appeal's decision in this case is quashed, and this matter is remanded for reconsideration upon application of our decision in Aubin v. Union Carbide Corp., 177 So. 3d 489 (Fla. 2015)." Font II, 41 Fla. L. Weekly S113. Thus, on remand, this Court must determine, under the specific circumstances of this case, whether the jury should have also been instructed on the Second Restatement's consumer expectations test, as requested by Font.

II.    ANALYSIS

"A party is entitled to have the jury instructed on the theory of its case when the evidence supports that theory." Aubin II, 177 So. 3d at 517. Generally, trial courts are accorded broad discretion in formulating jury instructions, and a decision not to give an instruction "will not be reversed unless the error

5

complained of resulted in a miscarriage of justice, or unless the 'failure to give the instruction was reasonably calculated to confuse or mislead the jury.'" Force v. Ford Motor Co., 879 So. 2d 103, 106 (Fla. 5th DCA 2004) (quoting Hart v. Stern, 824 So. 2d 927, 929 (Fla. 5th DCA 2002)); see also, e.g., Aubin II, 177 So. 3d at 517 ("[T]he appellate court must assess whether the instruction reasonably might have misled the jury."); McPhee v. Paul Revere Life Ins. Co., 883 So. 2d 364, 368 (Fla. 4th DCA 2004) ("[T]he test for reversible error arising from an erroneous jury instruction is not whether the instruction misled, but only whether it reasonably might have misled the jury."); Jacobs v. Westgate, 766 So. 2d 1175, 1180 (Fla. 3d DCA 2000) ("Reversal is required where a jury might reasonably have been misled, regardless of whether it has actually been misled."). The party who asserts that the trial court erred in failing to give a requested jury instruction "must show 'the requested instruction contained an accurate statement of the law, the facts in the case supported a giving of the instruction, and the instruction was necessary for the jury to properly resolve the issues in the case.'" Aubin II, 177 So. 3d at 517 (quoting Barkett v. Gomez, 908 So. 2d 1084, 1086 (Fla. 3d DCA 2005)); see also H & H Elec., Inc. v. Lopez, 967 So. 2d 345, 349 (Fla. 3d DCA 2007); Force, 879 So. 2d at 106.

In light of Aubin II, a review of the record here supports Font's request for the standard jury instruction in each respect: (1) the language of PL 5 was an

6

accurate statement of Florida law; (2) Font presented substantial factual evidence to support the giving of the instruction; and (3) the instruction was necessary for the jury to properly resolve the dispute. Significantly, Union Carbide did not assert at trial that Font's proposed use of PL 5 did not accurately state Florida strict liability law, or that no evidence supported the consumer expectations theory, or that the standard instruction would confuse the jury. Rather, Union Carbide's argument was that pursuant to this Court's decisions in Kohler and Agrofollajes rejecting the Second Restatement's consumer expectations test as an independent basis for finding design defect, PL 5 was simply not applicable to Font's case in this District.

Union Carbide has not identified any relevant factual distinctions between Aubin II and this case which would lead this Court to conclude that Aubin II should not apply here. Indeed, Aubin I and Aubin II "involved this identical defendant, this identical product, this identical use by a plaintiff, this identical injury, the identical theories of liability, the same underlying issues, and (finally) much the same evidence." McConnell, 937 So. 2d at 154. As a result of Aubin II, this Court's prior decisions embracing the Third Restatement's exclusive adoption of the risk utility test for defective design claims have been quashed, and the consumer expectations test enunciated by the Florida Supreme Court in West remains alternatively available to a plaintiff bringing a design defect strict products

7

liability case. Because Font's proposed use of PL 5 met the criteria discussed above, we hold that it was error not to give that instruction.

III.   CONCLUSION

Based on the Florida Supreme Court's opinion in Aubin II, and the undisputed factual similarity between Aubin II and this case, we reverse the judgment in favor of Union Carbide and remand to the trial court with directions that Font's strict liability claim (Count II)[3] be retried before a jury that has been instructed consistent with the standard jury instructions approved by the Florida Supreme Court in Aubin II. See In re Std. Jury Instr. in Civ. Cases—Report No. 13-01, 160 So. 3d 869, 871 (Fla. 2015) (employing both the consumer expectations test and the risk utility test as alternative definitions of design defect).

Reversed and remanded for new trial as to Count II.

---

[3] Font's counsel, at oral argument, conceded that the only claim that should be retried was Count II, the strict liability claim. We agree. This claim was presented to the jury under three alternative theories.