# Third District Court of Appeal

## State of Florida

Opinion filed June 28, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-910
Lower Tribunal No. 02-2829
_____

**R.J. Reynolds Tobacco Company,**
Appellant/Cross-Appellee,

vs.

**Paul R. Larkin, Jr., and Caryn O. Newborn, etc.,**
Appellees/Cross-Appellants.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Carlton Fields Jorden Burt and Benjamine Reid, Jeffrey A. Cohen, Olga M. Vieira, and Douglas J. Chumbley; Jones Day and Michael A. Carvin (Washington, D.C.) and Jason T. Burnette (Atlanta, GA), for appellant/cross-appellee.

Conrad & Scherer and Albert L. Frevola, Jr. (Fort Lauderdale); Brannock & Humphries and Celene H. Humphries and Maegen P. Luka and Thomas J. Seider (Tampa); Gordon & Doner and Gary Paige (Davie); The Alvarez Law Firm and Alex Alvarez; Gerson & Schwartz and Philip M. Gerson, for appellees/cross-appellants.

Before ROTHENBERG, SALTER and FERNANDEZ, JJ.

SALTER, J.

R.J. Reynolds Tobacco Company ("RJR") appeals a jury verdict and final judgment in favor of the husband and daughter of the late Carole Larkin regarding their claims for fraudulent concealment and conspiracy to fraudulently conceal, and the denial of RJR's motion for new trial on those claims. Mr. Larkin and his daughter cross-appeal the trial court order granting in part RJR's post-trial motion for new trial. The trial court's order, limited to the claim of product liability for a defective product and any damages regarding that claim, was based on the court's use of the product liability "risk utility" jury instruction.

We affirm without further elaboration the issues raised by RJR in its appeal, finding no merit to RJR's arguments. On the cross-appeal, we reverse the trial court's order granting a new trial to RJR and remand with instructions to reinstate the jury verdict on the product liability claim and damages.[1] Font v. Union Carbide Corp., 199 So. 3d 323 (Fla. 3d DCA 2016).[2]

RJR itself proposed non-standard jury instructions (Nos. 17 and 19) which included features of both the "consumer expectations" test, Restatement (Second)

---

[1] Reversal of the order does not increase the damages payable by RJR in the final judgment, as the jury's Phase I damages verdict was a general verdict applicable to all claims other than punitive damages. See, e.g., Johnson v. Thigpen, 788 So. 2d 410, 415 (Fla. 1st DCA 2001).

[2] At the time the trial court entered the order granting a new trial on this point, it did not have the benefit of our decision in Font.

of Torts § 402A (Am. Law Inst. 1965), and the "risk utility" test, Restatement (Third) of Torts: Products Liability § 2 (Am. Law Inst. 1998).  RJR also proposed a special instruction (No. 10) stating that consumer expectations regarding RJR's cigarettes were expressly preempted by federal law.  Mr. Larkin and his daughter elected to proceed under the "risk utility" test, one of the two permissible legal theories and jury instructions for proving their product liability claim.  In re Std. Jury Instructions in Civil Cases – Report No. 13-01 (Product Liability), 160 So. 3d 859, 874 (Fla. 2015).  On such a record, the trial court's failure to instruct the jury on the consumer expectations test exclusively has not been shown to have "resulted in a miscarriage of justice," or to have been "calculated to confuse or mislead the jury," Font, 199 So. 3d at 326.

The final judgment and the order denying the motion for new trial as to the claims for fraudulent concealment and conspiracy to fraudulently conceal are affirmed in all respects; the order granting the motion for new trial on product liability for a defective product is reversed and remanded with directions to reinstate the jury verdict on that claim.

3