COHEN, C.J.
*1122 Christina Araj and Jeffrey Araj (collectively "the Arajes") appeal the final judgment entered by the trial court pursuant to a jury verdict, which awarded Jessica Renfro, as guardian and next friend of Kenneth J. Jones, $6,000,000 in damages. On appeal, the Arajes argue that the trial court reversibly erred by failing to allow amendment of their affirmative defenses to include accord and satisfaction, give a requested jury instruction, and reduce the jury verdict against Mr. Araj pursuant to section 324.021(9)(b)3., Florida Statutes (2011). We reverse and remand for a new trial.
Jones was injured while driving a scooter on the Pineda Causeway in Brevard County. The evidence at trial established that the Pineda Causeway is a limited access facility with a posted speed limit of 55 miles per hour. According to the Florida Highway Patrol, the normal flow of traffic on the causeway is 55 to 65 miles per hour.
The scooter was equipped with a 1.8 horsepower motor and had a top speed of 31.7 miles per hour, which it could not reach when ascending inclines, as it was at the time of the accident. The evidence established that at the time of the accident, Jones was travelling at approximately 28.7 miles per hour.
The Arajes requested the following jury instruction based on sections 316.003(34) and 316.091(2):
Members of the jury you are instructed that no person shall operate upon a limited access facility any bicycle, motor-driven cycle, animal-drawn vehicle, or any other vehicle which by its design or condition is incompatible with the safe and expedient movement of traffic.
You are also instructed that a limited access facility is defined as a street or highway especially designed for through traffic and over, from, or to which owners or occupants of abutting land or other persons have no right of easement, or only a limited right of easement ....
Jones objected, and the trial court sustained the objection, instead giving the jury instruction requested by Jones based on section 316.183(5):
No person shall drive a motor vehicle at such slow speed as to impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law.
We find the denial of the requested jury instruction to be an abuse of discretion. See Barkett v. Gomez, 908 So.2d 1084, 1086 (Fla. 3d DCA 2005) (finding that the trial court abused its discretion in refusing to give a jury instruction when the requested instruction "contained an accurate statement of the law, the facts in the case supported a giving of the instruction, and the instruction was necessary for the jury to properly resolve the issues in the case" (citations omitted) ). Here, the Arajes were entitled to their requested jury instruction because it constituted a correct statement of law, was supported by the evidence, and addressed their theory of the case that Jones was not lawfully driving at the time of the accident because the Pineda Causeway was a limited access *1123 facility and the scooter was incompatible with the safe and expedient movement of traffic. This error was highlighted during closing arguments when Jones's counsel argued that "Jones was entitled to be [on the Pineda Causeway] like any other motorist." Further, we reject the argument that because the jury allocated twenty-five percent fault to Jones, any error was harmless. We cannot conclude that the degree of fault allocated by the jury for driving too slowly would have been the same if the jury instead found that Jones was driving on a road on which he was legally prohibited to ride the scooter. See, e.g., Special v. W. Boca Med. Ctr., 160 So.3d 1251, 1254-56 (Fla. 2014).
Because we reverse for a new trial, we decline to address whether the trial court erred in failing to allow amendment of the Arajes' affirmative defenses. There is no reason to not allow such an amendment on remand. Likewise, we do not address whether section 324.021(9)(b)3. was applicable to limit Mr. Araj's liability. Our reversal renders this issue moot.
REVERSED and REMANDED.
EVANDER and BERGER, JJ., concur.