DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAMUEL VAINBERG** and **LYNN VAINBERG,**
Appellants,

v.

**AVATAR PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D20-646

[May 19, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 50-2017-CA-011381-XXXXMB.

John H. Pelzer of Greenspoon Marder LLP, Fort Lauderdale, and Warren Diener and Erik D. Diener of The Diener Firm, P.A., Plantation, for appellants.

Carol M. Rooney of Butler Weihmuller Katz Craig LLP, Tampa, for appellee.

WARNER, J.

Appellants appeal a final judgment in favor of their insurance company for breach of a *Drew*[1] contract by making defective repairs to their property. They claim, first, that the court erred in refusing to give their requested jury instruction on the *Drew* contract and, second, that the court permitted the insurer to argue an affirmative defense not raised in the pleadings. We agree. The trial court erred by failing to give the requested *Drew* contract instruction and by allowing the insurer to argue an unpled defense. We thus reverse for a new trial.

**Facts**

Appellants owned a condominium unit insured by appellee Avatar Property & Casualty Insurance Company ("Insurer"). One night the supply line to a toilet broke, flooding the condominium. Unable to locate the

---

[1] *Drew v. Mobile USA Ins. Co.*, 920 So. 2d 832, 835 (Fla. 4th DCA 2006).

shut-off valve, appellants called 911. By the time the fire department responded to the emergency and shut off the water, the laminate floor found throughout the majority of the apartment was covered by standing water and had sustained water damage.

In the morning, appellants notified Insurer about the incident, and Insurer sent a water mitigation company to extract the standing water from appellants' condominium. That same day, Insurer also sent an adjuster and contractor to evaluate the damage and notified appellants of the need to file a sworn proof of loss within sixty days.

After the adjuster inspected appellants' condominium, Insurer elected to exercise its option to repair the damages to the condominium. Insurer selected the contractor to perform the repairs, and the contractor replaced the flooring in appellants' condominium.

The contractor finished the flooring replacement job in late October of 2015. Approximately a week later, appellants notified Insurer that the flooring repairs were substandard and deficient. Specifically, appellants claimed that the baseboards and kick plates under the cabinets were loose and not properly jointed at the corners, making an unsightly fix which diminished the value of the condominium. In addition, appellants claimed that the flooring throughout the condominium was uneven and detached from the subfloor. Finally, appellants claimed that the walls were damaged when the contractor removed the baseboards in order to install the flooring and that the walls were improperly repaired by the contractor.

In response to appellants' complaints, Insurer offered to have the same contractor return and correct only some of the defects and improper workmanship observed by appellants. Appellants declined the offer to have the same contractor perform any additional work.

Insurer then sought a sworn proof of loss from appellants by scheduling an examination under oath. Appellants had not provided one earlier, because Insurer had elected to repair the condominium unit. Appellants hired a public adjuster and retained counsel. On June 23, 2017, the public adjuster provided to Insurer a sworn proof of loss, but not in the form or at the time requested by Insurer. Ultimately, Insurer notified appellants that it would not address the contractor's deficient performance.

Appellants filed a complaint against Insurer for breach of contract and declaratory judgment. The complaint alleged that appellants had suffered a covered loss under the policy with Insurer, and Insurer had elected to

repair the unit. A contract thus existed between appellants and Insurer to repair the damage to the condominium flooring. As a matter of law, the repair contract obligated Insurer to restore the property to its pre-loss condition, in accordance with *Drew v. Mobile USA Insurance Co.*, 920 So. 2d 832, 835 (Fla. 4th DCA 2006). Appellants alleged that Insurer breached the repair contract because Insurer's contractor failed to abide by the building code and failed to perform quality workmanship to restore the home to its pre-loss condition. They sought damages for the breach.

Appellants also sought a declaratory judgment that they were not required to submit a sworn proof of loss in order to sue for a breach of the *Drew* contract. Insurer had demanded the proof of loss after appellants complained of the defective repairs to the unit.

Insurer answered, denying the claims. It alleged as affirmative defenses that appellants had failed to provide a sworn proof of loss and thus forfeited coverage under the policy. It did not allege abandonment as an affirmative defense. Appellants replied that the insurance policy provisions regarding a sworn proof of loss and examination under oath do not apply to a *Drew* contract. They raised this same argument in a motion for summary judgment and a motion in limine, all of which were denied by the trial court.

The case proceeded to trial. At the pre-trial status conference, the trial court refused to give appellants' proposed instruction to the jury which read as follows:

> Under [appellants'] insurance policy, [Insurer] has the option to either pay or repair covered damage to [appellants'] home. [Insurer] elected to repair [appellants'] home.
>
> Under Florida law, where an insurance company elects to repair the damages, such an election creates a repair contract. This repair contract obligates the insurance company to return the home to pre-loss condition within a reasonable amount of time.

During trial, Insurer stipulated that a separate repair contract, a *Drew* contract, was created when Insurer elected to perform repairs under the policy. Appellants put on evidence of the cost to repair the property. Insurer argued that appellants failed to show that its contractor caused the defective work observed by appellant's expert and appellants did not allow the Insurer to correct the repairs when appellants complained. In addition, Insurer argued that appellants failed to produce a sworn proof of

loss and to comply with other policy terms. It also argued that appellants abandoned the repair contract by seeking payment for the cost of repair instead of accepting Insurer's offer to rectify the repair issues. Appellants objected to the latter argument, as the affirmative defense of abandonment had not been pled. While the trial court refused to instruct the jury on abandonment, it allowed Insurer to argue to the jury that appellants abandoned the contract when they "went back under the policy" and wanted cash. Appellants objected, but the trial court overruled the objection.

The only instruction the trial court gave on the breach of contract was as follows:

> The Plaintiffs, Samuel Vainberg and Lynn Vainberg -- the Vainbergs -- claim that Defendant, Avatar Property & Casualty Insurance Company, which will be referred to as Avatar, breached the contract to repair the Vainbergs' home.

After that, the court instructed on Insurer's affirmative defenses regarding various breaches by appellants of the policy provisions, including failure to prepare a proper sworn proof of loss. The verdict form first asked the jury whether Insurer breached the contract to repair the home and then asked whether the affirmative defenses were proved. The jury returned a verdict determining that Insurer did not breach the contract to repair the home. The court then entered judgment for Insurer and appellants filed their appeal.

## Analysis

Appellants first contend that the court erred in failing to give their jury instruction on the *Drew* contract requirements. A decision to give or withhold a jury instruction is reviewed for an abuse of discretion. *Barton Protective Servs., Inc. v. Faber*, 745 So. 2d 968, 974 (Fla. 4th DCA 1999).

Under Florida law, "'when the insurer makes its election to repair, that election is binding upon the insured and *creates a new contract* under which the insurer is bound to [perform repairs] within a reasonable time.'" *Drew*, 920 So. 2d at 835 (emphasis in original) (quoting *Travelers Indem. Co. v. Parkman*, 300 So. 2d 284, 285 (Fla. 4th DCA 1974)). Therefore, in a situation where the option to repair has been invoked, the insured and the insurer would become parties to a separate repair contract wherein the insurer is obligated to perform repairs which will adequately return the insured property to its pre-loss condition. *See Siegle v. Progressive Consumers Ins. Co.,* 819 So. 2d 732, 739 (Fla. 2002).

4

In *Drew*, we held that "[w]here the insurer breaches this new contract to repair, it becomes liable for the damages proximately caused by this breach." 920 So. 2d at 835. As such, when an option to repair has been invoked but the repairs were not adequately performed, an insured may be entitled to damages caused by the insufficient repairs outside of the scope of the subject policy of insurance. *See id.*

Here, pursuant to *Drew*, a repair contract was formed when Insurer completed an inspection of the property and elected to repair appellants' damaged floors. The repair contract is separate and distinct from the policy agreement between appellants and Insurer. By virtue of that contract, Insurer hired a contractor who replaced the floors. After the contractor finished, appellants reported to Insurer that the repairs made by the contractor were inadequate because they were unsightly, quick fixes that diminished the appearance and value of the condominium. Pursuant to *Drew*, because the repairs were not adequately performed, appellants alleged that they were entitled to damages caused by the defective workmanship.

Appellants sought an instruction on a *Drew* contract to inform the jury that an election to repair creates a contract which requires Insurer to return the property to its pre-loss condition within a reasonable time. As explained in *Aubin v. Union Carbide Corp.*, 177 So. 3d 489 (Fla. 2015):

> A party is entitled to have the jury instructed on the theory of its case when the evidence supports that theory. *See OB/GYN Specialists of Palm Beaches, P.A. v. Mejia*, 134 So. 3d 1084, 1091 (Fla. 4th DCA 2014); *Barkett v. Gomez*, 908 So. 2d 1084, 1086 (Fla. 3d DCA 2005). To demonstrate that the trial court erred in failing to give a requested jury instruction, a party must show "the requested instruction contained an accurate statement of the law, the facts in the case supported a giving of the instruction, and the instruction was necessary for the jury to properly resolve the issues in the case." *Barkett*, 908 So. 2d at 1086; *see also Force*, 879 So. 2d at 106; *Smith v. Hugo*, 714 So. 2d 467, 468 (Fla. 4th DCA 1998).

*Id.* at 517. Applying *Aubin* to this case, we conclude that appellants' requested *Drew* instruction was an accurate statement of the law, was supported by the facts of the case, and was necessary for the jury to resolve the issues before it. It was particularly important for the court to inform the jury of the terms of the *Drew* contract where Insurer

5

erroneously attempted to impose post-loss policy provisions which are not terms of the *Drew* contract.

Insurer argues the contract instruction was not necessary and that the jury instructions were proper, because an insurer can bring a post-loss policy non-performance claim in connection with an insured's enforcement of a repair contract. It relies on *People's Trust Insurance Co. v. Franco*, 305 So. 3d 579 (Fla. 3d DCA 2020), as supporting its argument that post-loss policy provisions still apply even where the breach of contract is predicated on an election to repair provision. *Franco* is entirely inapposite, because there the insurance company sued its insured for breach of the insurance contract, not breach of a right of repair contract. *Id.* at 583-84. The cause of action recognized in *Drew* was a right to recover from an insurer for defective performance of a right of repair contract, a right which is outside of the policy of insurance. 920 So. 2d at 835. Therefore, appellants were entitled to have the court instruct the jury on their *Drew* contract instruction.

As a second ground for reversal, appellants claim that the court erred in overruling their objection to Insurer's argument at trial that appellants abandoned the contract by claiming money damages, i.e., cash payment for the breach. We agree. Insurer never pled abandonment and thus waived the defense. Affirmative defenses not alleged in the answer or a motion attacking the sufficiency of the complaint are deemed waived. Fla. R. Civ. P. 1.140(b) (2020). "Abandonment of a contract is an affirmative defense that the defendant must raise in its answer, or otherwise it is waived." *Am. Enviro-Port, Inc. v. Williams*, 489 So. 2d 839, 839 (Fla. 1st DCA 1986). Thus, the court erred in allowing Insurer to argue its theory of abandonment to the jury.

The court abused its discretion in denying the *Drew* contract instruction. Additionally, the court erred by allowing Insurer to argue abandonment which was never pled and would not apply to the *Drew* contract issue. We cannot conclude the combined errors were harmless. *See Special v. West Boca Med. Ctr.*, 160 So. 3d 1251, 1256 (Fla. 2014). We thus reverse and remand for a new trial.

*Reversed and remanded.*

DAMOORGIAN and FORST, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**