# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1619
Lower Tribunal No. 08-110
_____

**Paulina Monzón, etc.,**
Appellant,

vs.

**R.J. Reynolds Tobacco Company, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Parafinczuk & Wolf, P.A., Justin Parafinczuk and Austin Carr (Boca Raton); Menendez Trial Attorneys, and Jose Menendez; Burlington & Rockenbach, P.A., and Bard D. Rockenbach (West Palm Beach), for appellant.

Arnold & Porter Kaye Scholer, LLP, Geoffrey J. Michael and Frank Cruz-Alvarez (Washington, D.C.); Shook Hardy & Bacon LLP, and Michael G. Polatsek; Shook, Hardy & Bacon LLP, Scott A. Chesin and Michael Rayfield (New York, N.Y.), for appellee Philip Morris USA Inc.

Before SCALES, GORDO and BOKOR, JJ.

GORDO, J.

Paulina Monzón ("Monzón"), as Personal Representative of the Estate of Alfredo Monzón, appeals the final judgment and order denying her motion for a new trial. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no error in the trial court's rulings, we affirm.

"Our standard of review on a trial court's evidentiary rulings is abuse of discretion." Philip Morris USA, Inc. v. Ledoux, 230 So. 3d 530, 536 (Fla. 3d DCA 2017). "It is well settled in Florida that to be preserved for appeal, 'the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.'" Fleitas v. State, 3 So. 3d 351, 355 (Fla. 3d DCA 2008) (quoting Rodriguez v. State, 609 So. 2d 493, 499 (Fla. 1992)). "An unpreserved challenge to evidence is reviewed on appeal for fundamental error." Hayes v. State, 276 So. 3d 950, 953 (Fla. 3d DCA 2019). Fundamental error "goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process." J.B. v. State, 705 So. 2d 1376, 1378 (Fla. 1998). Fundamental error will be found "only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." Ray v. State, 403 So. 2d 956, 960 (Fla. 1981). In this case, Monzón has failed to demonstrate any abuse of discretion or fundamental error.

2

Further, "[a] trial court's decision on jury instructions is reviewed for abuse of discretion and 'should not be overturned on appeal absent a showing of prejudicial error.'" Int'l Sec. Mgmt. Grp., Inc. v. Rolland, 271 So. 3d 33, 44 (Fla. 3d DCA 2018) (quoting Gonzalez v. Rose, 752 So. 2d 39, 41 (Fla. 3d DCA 2000)).  We find no such error here.

Affirmed.